**Freeman Leroy BELL,
Petitioner-Appellant,**

v.

**Jimmy N. HARRISON, Warden,
Respondent-Appellee.**

No. 81–5293.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Dec. 14, 1981.

Decided Feb. 9, 1982.

Preston Wilson, Memphis, Tenn., for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tennessee, John C. Zimmermann, Asst. Atty. Gen., Nashville, Tenn., for respondent-appellee.

Before WEICK * and LIVELY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This is an appeal from an order dismissing appellant's habeas corpus petition filed under 28 U.S.C. § 2254. Appellant contends that Tennessee's rape shield statute, T.C.A. § 40–2445, which limits the admissi-

---

* Circuit Judge Weick retired from regular active service under the provisions of 28 U.S.C. § 371(b) on December 31, 1981, and became a Senior Circuit Judge.

bility of evidence of a rape victim's prior consensual sexual activity, is unconstitutional both on its face and as applied in his trial.

Appellant was indicted in Shelby County, Tennessee for rape and assault with intent to commit rape. A jury found him guilty of rape and sentenced him to twenty years in the Tennessee State Penitentiary. His conviction was affirmed by the Tennessee Court of Criminal Appeals, and his petition for certiorari was denied by the Supreme Court of Tennessee.

Appellant's first petition for habeas corpus was dismissed by District Judge Harry Wellford on January 20, 1978. Due to an oversight of counsel, appellant did not perfect a timely appeal to this court.

On October 10, 1979, appellant filed a new petition. Judge Wellford dismissed the petition "on the principles of res judicata." On appeal, this court held that res judicata did not apply and remanded the case for reconsideration on the merits. On March 10, 1981, District Judge Odell Horton dismissed the petition on the merits. This appeal followed. On joint motion of counsel, the case was submitted on briefs without oral argument. For the reasons set forth below, we affirm the dismissal of the petition.

## I

The sole issue at appellant's state court trial was whether the prosecutrix had consented to engage in sexual relations with the appellant. The appellant admitted having sexual intercourse with the prosecutrix, but testified that she willingly allowed him to enter her automobile and that on their way to have breakfast together she stopped the car and had consensual sexual relations with him.

The prosecutrix, on the other hand, testified that the appellant forced his way into her car, and that after he entered her automobile he told her that he would stab her if she did not do what he asked. She further testified that after he had raped her in the back seat of her automobile she drove him back to his car and drove away before he

had a chance to follow her, and that she went to the home of a friend's mother where the police were called to take the crime report.

Defense counsel at the state trial sought to cross-examine the prosecutrix about her prior sexual activity. Out of the presence of the jury the state trial judge questioned the defense attorney about the content of the proposed cross-examination, as required by T.C.A. § 40–2445. The following colloquy ensued:

THE COURT: I thought that was a graceful way to get the jury out under this Act that concerns the cross-examination of the witness as to any acts of unchastity. What does the defense intend to ask on that basis, do you have anything at all? Let the Court know and let me rule on it.

MR. MOORE: Well, if Your Honor please, we would like to cross-examine Ms. Pride in that area.

THE COURT: You have got to raise specific questions for you to ask.

MR. MOORE: Well, Sir, I am going to ask her what men she has gone out with and how long she has gone with them as specific questions.

THE COURT: That will not be allowed. Now, if you know—now, understand you may ask specific questions, assuming they are not remote, but—let's John Doe. Have you had relations with John Doe last week or a specific question be asked, if it is not remote, but your general fishing expedition questions I will disallow them.

\*     \*     \*     \*     \*     \*

Now, let's come back to the other question now to be sure we know where we are under your cross-examination. Do you have any specific instances or anything of that sort?

MR. MOORE: No, Your Honor.

THE COURT: Or any convictions involving sex or anything at all?

MR. MOORE: No, Sir, not at this point.

THE COURT: Well, do you understand the Court?

MR. MOORE: Yes Sir.

THE COURT: Specifically you may ask but just have you ever had sex with a man, name them all, that's out these days, we don't allow that.

MR. MOORE: Yes Sir.

THE COURT: I never did, to tell you the truth about it, so I am glad I have an Act to back me up on that one. That one is constitutional, I believe.

Thus, the state trial judge refused to allow defense counsel to question the prosecutrix about her prior sexual history.

Appellant asserts that the trial judge's ruling was an impermissible restriction upon his right to confront and cross-examine the witnesses against him, in violation of the Sixth Amendment to the United States Constitution.

## II

■ Tennessee's rape shield statute, T.C.A. § 40–2445, provides as follows:

> *Admissibility of prior consensual sexual activity.* Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under §§ 39–707 and 39–3701—39–3706 provided, however, that when consent by the victim is at issue, such evidence may be admitted if it is first established to the court outside the presence of the jury and spectators by the method of clearing the courtroom that such activity shows such a relation to the conduct involved in the case on the part of the victim that is relevant to the issue of consent.

Appellant asserts that the above statute is constitutionally infirm on its face because it "generally excludes a whole class of highly relevant and material evidence." The appellant argues that defense counsel should have been allowed to cross-examine the prosecutrix about her prior sexual history without making the threshold showing of admissibility as required by the statute.

Appellant's attack on the statute as written is without merit. The Congress and most state legislatures have passed rape shield laws which restrict a criminal defendant's ability to present to the jury evidence of the past sexual history of a sexual assault victim. The numerous attacks on the statutes as violative of the Sixth Amendment generally have been rejected. *See Annotation,* 1 A.L.R. 4th 283 (1979); Tanford and Bocchino, *Rape Victim Shield Laws and the Sixth Amendment,* 128 U.Pa. L.Rev. 544 (1980); Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* 77 Colum.L.Rev. 1 (1977).

The rationale behind these statutes is that evidence of a rape victim's prior sexual activity is of dubious probative value and relevance and is highly embarrassing and prejudicial. Often such evidence has been used to harass the prosecuting victim. Sponsors of these statutes assert that they encourage victims of sexual assault to report the crimes without fear of having their past sexual history exposed to the public.

The statutes vary in their approach to the problem. Several states have statutes similar to Tennessee's which require the accused to make an offer of proof demonstrating that the proposed evidence is relevant to the issue of consent. The offer of proof is normally made outside the presence of the jurors, and often also outside the presence of the spectators, as in Tennessee. The trial judge then is required to balance the probative value of the evidence in light of the defendant's right of confrontation against the potential embarrassment to the victim in light of the danger of prejudice and of the policies under the statute.

Basically, the Tennessee law requires that the defendant lay a proper foundation for the admission of, and bear the burden of showing the relevancy of, evidence of the victim's prior sexual history. Federal Rule of Evidence 412 has a similar requirement—a written offer of proof at least 15 days before trial except in extraordinary circumstances.

Of course rape shield statutes should not be used to exclude highly relevant evidence and violate the defendant's right of confrontation or other constitutional rights.

Federal Rule of Evidence 412 specifically provides that such evidence should not be excluded. *See* FRE 412(b)(1). The Tennessee courts have recognized such an exception. *See Shockley v. State*, 585 S.W.2d 645, 650–51 (Tenn.Crim.App.1978).

We conclude that T.C.A. 40–2445 on its face and as construed by the Tennessee courts does not violate a criminal defendant's Sixth Amendment rights. It merely requires that the defendant demonstrate the relevance of such evidence before the victim of an alleged sexual assault is subjected to embarrassing and humiliating exposure of, or questioning about, his or her social life or sexual history.

### III

Appellant contends that even if the statute is constitutional as written, it was applied by the state trial judge in a manner which denied him his Sixth Amendment right of confrontation. He contends that defense counsel should have been allowed to cross-examine the prosecutrix about her prior sexual history in an attempt to *discover* some evidence relevant to the issue of consent.

It is obvious from a reading of the colloquy between the trial judge and defense counsel that counsel had no factual basis for inquiring into the prosecutrix's sexual history. The state trial judge correctly characterized the proposed line of questioning as a "general fishing expedition." This is the type of questioning that rape shield statutes are designed to preclude.

Appellant apparently would like to use the closed hearing required by T.C.A. § 40–2445 as a substitute for pre-trial investigation or discovery. The hearing is not intended to be a discovery device. Its purpose is to allow the defense to make an offer of proof to show how the proffered evidence is relevant to the issue of consent. A general request to ask a prosecutrix "what men she has gone out with and how long she has gone with them" does not rise to the level of an offer of proof.

There is nothing in the record to indicate that the prosecutrix had similar encounters with other men. If the defense had desired to discover whether the prosecutrix engaged in a similar pattern of conduct on other occasions, an investigation should have been made before trial. There is no allegation that the defense would not have been allowed to interview the prosecutrix on reasonable terms and conditions before trial.

In short, the appellant has demonstrated no reason for allowing defense counsel to make a "fishing expedition" into the prosecutrix's social and sexual life. Under the facts of the present case, we agree with the district court that the state trial judge did not violate the appellant's Sixth Amendment rights by refusing to allow the proffered line of cross examination.

The decision of the district court is affirmed. No costs are taxed.