865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip HALEY, Petitioner-Appellant,
v.
George WILSON, Secretary, Corrections Cabinet, Respondent-Appellee.
 No. 88-5389.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This Kentucky prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Phillip Haley was convicted by a jury on three counts of incest against his twelve-year-old daughter. He was sentenced to serve a total of fifteen years imprisonment. After exhausting state remedies, he filed an application for habeas relief in federal district court. Haley claimed that he was denied his sixth and fourteenth amendment rights to confrontation because, pursuant to Kentucky's rape shield law, Ky.Rev.Stat. Sec. 510.145, the state trial court denied his request to cross-examine the complaining witness about her prior sexual conduct.
 
 
 3
 The case was referred to a magistrate who determined that the trial court's evidentiary ruling did not violate Haley's constitutional rights. Upon review in light of Haley's objections, the district court adopted the magistrate's findings and dismissed the petition. On appeal, Haley argues that Kentucky's rape shield law denied him his confrontation right by limiting his ability to challenge the witness's credibility.
 
 
 4
 Upon review we conclude that the evidentiary ruling of the state trial court did not give rise to a constitutional violation. See Logan v. Marshall, 680 F.2d 1121 (6th Cir.1982) (per curiam). This circuit has consistently held that rape shield laws that exclude irrelevant evidence do not violate a criminal defendant's right of confrontation. Logan, 680 F.2d at 1123 (approving Ohio Rev.Code Ann. Sec. 2907.-02(E)); Bell v. Harrison, 670 F.2d 656, 659 (6th Cir.1982) (upholding Tenn.Code Ann. Sec. 40-2445). Because the proferred evidence was not relevant to the issue of whether petitioner committed incest with his daughter, the exclusion of the evidence did not give rise to a constitutional error.
 
 
 5
 Accordingly, the district court's judgment dismissing the petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.