Bobby GORDON, Petitioner–Appellant,

v.

James MORGAN, Warden, Respondent–Appellee.

No. 00–6396.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

Bobby Gordon, a pro se Kentucky state prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a Kentucky jury found Gordon guilty of first-degree rape, first-degree sexual abuse, and the status offense of being a first-degree persistent felony offender. The trial court sentenced Gordon to thirty-three years of imprisonment. The Kentucky Supreme Court affirmed Gordon's judgment of conviction and sentence. In 1997, Gordon filed a motion to vacate, set aside, or correct sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. The trial court denied the motion, the Kentucky Court of Appeals affirmed the trial court's judg-

ment, and the Kentucky Supreme Court denied Gordon's motion for discretionary review.

In his petition for a writ of habeas corpus, Gordon claimed that: 1) the district court improperly excluded evidence of the victim's alleged prior sexual conduct; 2) the prosecutor committed misconduct; 3) insufficient evidence supports his convictions; and 4) defense counsel rendered ineffective assistance. The magistrate judge recommended dismissing claims three through eight and the parties raised no specific objections. The magistrate judge also recommended that the petition for habeas relief be granted with respect to Gordon's first and second claims. The district court adopted the magistrate judge's report and recommendation with respect to claims three through eight, but declined to adopt the magistrate judge's recommendation on claims one and two. The district court dismissed Gordon's petition for a writ of habeas corpus and granted Gordon a certificate of appealability with respect to his claim that the state trial court should not have excluded the proffered evidence regarding the victim's alleged prior sexual conduct under Ky. Rev.Stat. § 510.145(3)(a) and (b), the "rape shield law." The district court declined to grant Gordon a certificate of appealability with respect to any remaining claims. This court denied Gordon a certificate of appealability as to any issue not certified by the district court.

On appeal, Gordon reasserts that the state trial court should not have excluded the proffered evidence regarding the victim's alleged prior sexual conduct under Ky.Rev.Stat. § 510.145(3)(a) and (b), the "rape shield law."

We review de novo the district court's legal conclusions, but review for clear er-

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

ror its findings of fact, *see Nevers v. Killinger*, 169 F.3d 352, 357 (6th Cir.) (citing *DeLisle v. Rivers*, 161 F.3d 370, 380 (6th Cir.1998) (en banc)), *cert. denied*, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), and accord state court findings complete deference pursuant to the presumption of correctness found in 28 U.S.C. § 2254(e)(1), which the petitioner may rebut only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir.1998).

Upon review, we conclude that the district court properly denied habeas relief because Gordon has failed to show that his conviction is contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented at the state court proceedings. *See* 28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The evidentiary ruling of the state trial court did not give rise to a constitutional violation. *See Logan v. Marshall*, 680 F.2d 1121, 1123 (6th Cir.1982). This circuit has consistently held that rape shield laws that exclude irrelevant evidence do not violate a criminal defendant's right of confrontation. *Id.* at 1123 (approving Ohio Rev.Code Ann. § 2907.–02(E)); *Bell v. Harrison*, 670 F.2d 656, 659 (6th Cir.1982) (upholding Tenn.Code Ann. § 40–2445); *Haley v. Wilson*, No. 88–5389, 1988 WL 131496, at *1 (6th Cir. Dec.12, 1988) (upholding Ky.Rev.Stat. § 510.145).

The evidence that Gordon sought to admit was not relevant or material to the question of whether Gordon committed rape. Gordon proffered evidence that the eleven-year-old victim had been sexually abused by her father years earlier and evidence that the girl had consensual sex with her older boyfriend and that she intended to have sex with him in the future. Gordon sought to admit this evidence to attack the victim's credibility and to explain the physical evidence of sexual activity, including semen on the victim's shorts and evidence of penetration. Nothing proffered by Gordon suggested the whereabouts of the victim during the day in question. Therefore, the evidence did not suggest that the girl had sex on the day of the crime or that someone other than Gordon could have deposited the semen or injured the girl's genitalia on the day in question. Because the proffered evidence was not material or relevant to the issue of whether Gordon raped the eleven-year-old girl, the exclusion of the evidence did not give rise to a constitutional error.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.