GRIFFIN, Circuit Judge,
concurring.
I join Chief Judge Batchelder’s opinion. I write separately to emphasize the dissent’s unwise trumpeting of propensity evidence and its failure to appreciate the State’s interest in excluding such evidence.
A defendant’s Sixth Amendment right to present a “complete defense” is not unlimited. Rather, the right “ ‘may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.’” Michigan v. Lucas, 500 U.S. 145, 149, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991) (quoting Rock v. Arkansas, 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). In this case, it is undisputed that legitimate State interests support the enforcement of Michigan’s Rape Shield Statute. Indeed, the Supreme Court has noted that this very statute “represents a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy.” Id. at 150, 111 S.Ct. 1743.
*519 In order to resolve Gagne’s Sixth Amendment challenge, the Michigan courts were required to balance the State interest in enforcing its Rape Shield Statute against Gagne’s interest in putting forth a complete defense. Id. at 152-53, 111 S.Ct. 1743. Given the level of deference required by AEDPA, I agree with the majority that the Michigan courts were not unreasonable in performing this case-specific analysis. The dissent, however, holds that the Michigan courts were unreasonable in weighing the competing interests at stake. In so doing, the dissent gives little credence to the State’s interest in enforcing its Rape Shield Statute. Indeed, the dissent maintains that this statute’s “proscription does not even apply” in this case. I respectfully disagree.
Michigan’s Rape Shield Statute provides that
[ejvidence of specific instances of the victim’s sexual conduct, opinion evidence of the victim’s sexual conduct, and reputation evidence of the victim’s sexual conduct shall not be admitted ... unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
(a) Evidence of the victim’s past sexual conduct with the actor.
(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.
Mich. Comp. Laws § 750.520j(l). According to the dissent, because the excluded evidence in this case consisted of group sexual conduct involving both the victim and Gagne, the Rape Shield Statute does not apply. This is incorrect. Evidence of a victim’s past sexual conduct with the defendant is admissible “only to the extent that the judge finds that the ... proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.” Id. (emphasis added). In performing this assessment, the State’s interests underlying the Rape Shield Statute must still be considered. People v. Adair, 452 Mich. 473, 550 N.W.2d 505, 511 (1996).
Contrary to the dissent’s conclusion, evidence regarding consensual group sex does not fit into an exception to Michigan’s Rape Shield Statute, a fact reasonably considered by the Michigan courts in weighing its probative value and prejudicial nature. People v. Swathwood, Nos. 235540, 235541, 2003 WL 1880143, at *2-3 (Mich.Ct.App. Apr. 15, 2003). Indeed, evidence of the victim’s past sexual conduct with others (in this case Bermudez and Gagne Senior) is generally considered irrelevant and highly prejudicial. Bell v. Harrison, 670 F.2d 656, 658 (6th Cir.1982) (“[Evidence of a rape victim’s prior sexual activity is of dubious probative value and relevance and is highly embarrassing and prejudicial.”); People v. Arenda, 416 Mich. 1, 330 N.W.2d 814, 817 (1982) (“The prohibitions contained in the rape-shield law represent a legislative determination that, in most cases, such evidence is irrelevant.”).
Moreover, such propensity evidence is not generally admissible in either Federal or Michigan courts. See Fed.R.Evid. 404(b) (“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith!)]”); Mich. R. Evid. 404(b) (same). While it may be commonplace for one to assume that because a defendant robbed a bank before he likely committed a charged bank robbery, our well-established law does not permit such an inference because it distracts from the issue of whether the crime alleged was committed by the defendant. Old Chief v. United States, 519 U.S. 172, 181, 117 S.Ct. *520 644, 136 L.Ed.2d 574 (1997). As the Supreme Court has explained, “[although ... propensity evidence is relevant, the risk that a jury will convict for crimes other than those charged — or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment — creates a prejudicial effect that outweighs ordinary relevance.” Id. (internal quotation marks and citation omitted).
While propensity evidence is often admissible when it comes to a victim’s past sexual conduct with the defendant to show consent, Bell, 670 F.2d at 658-59; Adair, 550 N.W.2d at 510; Fed.R.Evid. 412(b)(1)(B), in this case, the evidence at issue was not offered to demonstrate the victim’s willingness to consent to sexual relations with Gagne. Indeed, the jury was well aware that the victim had a romantic, sexual relationship with defendant. Rather, the evidence was submitted to demonstrate the victim’s general sexual proclivities to show conformity therewith. This is classic propensity evidence generally excluded by both the Rape Shield Statute and Rule 404(b) of both the Michigan and Federal Rules of Evidence. As the dissent acknowledges, the evidence was submitted to show that the victim was willing to engage in “facially coercive” sexual conduct, not that she was willing to engage in sexual relations with Gagne. Indeed, the logic espoused by the dissent opens the door to prior sexual conduct of the victim being admissible, as a constitutional requirement, whenever the sexual conduct at issue is outside the norm.
In my view, despite the victim’s prior participation with Gagne in group sex, and prior willingness to participate in group sex with him, the State had an interest in preventing this propensity evidence from being submitted to the jury on the basis that it is highly prejudicial and irrelevant. Bell, 670 F.2d at 658; Arenda, 330 N.W.2d at 817.
In sum, the dissent claims that a fundamental, clearly-established constitutional error was committed by the State courts, not by the exclusion of any direct evidence of whether the alleged crime was committed, but by the exclusion of propensity evidence. The dissent embraces the inference that because the victim did it before, she likely did it again. Moreover, the dissent would not only allow the jury to consider such an inference, but would hold that for purposes of habeas corpus review, the exclusion of such an inference was an unreasonable application of clearly established Federal law, as determined by the Supreme Court. I respectfully disagree. Given the State’s interest in enforcing its Rape Shield Statute and the nature of the evidence at issue, the State was not unreasonable in weighing the interests at stake in favor of exclusion.