# MICHIGAN v. LUCAS

No. 90–149.   Argued March 26, 1991—Decided May 20, 1991

O'CONNOR, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and WHITE, SCALIA, KENNEDY, and SOUTER, JJ., joined.   BLACK-

MUN, J., filed an opinion concurring in the judgment, *post*, p. 153. STE-VENS, J., filed a dissenting opinion, in which MARSHALL, J., joined, *post*, p. 155.

*Don W. Atkins* argued the cause for petitioner. With him on the brief were *John D. O'Hair* and *Timothy A. Baughman.*

*Solicitor General Starr* argued the cause for the United States as *amicus curiae* urging reversal. With him on the brief were *Assistant Attorney General Mueller, Deputy Solicitor General Bryson, Michael R. Dreeben,* and *Sean Connelly.*

*Mark H. Magidson* argued the cause for respondent.*

JUSTICE O'CONNOR delivered the opinion of the Court.

Because Nolan Lucas failed to give statutorily required notice of his intention to present evidence of an alleged rape victim's past sexual conduct, a Michigan trial court refused to let him present the evidence at trial. The Michigan Court of Appeals reversed, adopting a *per se* rule that preclusion of evidence of a rape victim's prior sexual relationship with a criminal defendant violates the Sixth Amendment. We consider the propriety of this *per se* rule.

I

Like most States, Michigan has a "rape-shield" statute designed to protect victims of rape from being exposed at trial to harassing or irrelevant questions concerning their past sexual behavior. See Mich. Comp. Laws § 750.520j (1979).†

---

*\*Arthur J. Tarnow* filed a brief for Criminal Defense Attorneys of Michigan as *amicus curiae* urging affirmance.

†The Michigan statute provides:

"(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed

This statute prohibits a criminal defendant from introducing at trial evidence of an alleged rape victim's past sexual conduct, subject to two exceptions. One of the exceptions is relevant here. It permits a defendant to introduce evidence of his own past sexual conduct with the victim, provided that he follows certain procedures. Specifically, a defendant who plans to present such evidence must file a written motion and an offer of proof "within 10 days" after he is arraigned. The trial court may hold "an in camera hearing to determine whether the proposed evidence is admissible"—*i. e.*, whether the evidence is material and not more prejudicial than probative.

Lucas was charged with two counts of criminal sexual conduct. The State maintained that Lucas had used a knife to force his ex-girlfriend into his apartment, where he beat her and forced her to engage in several nonconsensual sex acts. At no time did Lucas file a written motion and offer of proof, as required by the statute. At the start of trial, however, Lucas' counsel asked the trial court to permit the defense to present evidence of a prior sexual relationship between the girlfriend and Lucas, "even though I know it goes against the Statute." App. 4.

---

evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

"(2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1)."

In its brief, the State lists analogous statutes in other jurisdictions. See Brief for Petitioner 38, n. 3.

The trial court reviewed the statute and then denied the, motion, stating that "[n]one of the requirements set forth in [the statute] have been complied with." *Id.*, at 7–8. The court explained that Lucas' request was not made within the time required by Michigan law and that, as a result, no *in camera* hearing had been held to determine whether the past sexual conduct evidence was admissible. A bench trial then began, in which Lucas' defense was consent. The trial court did not credit his testimony. The court found Lucas guilty on two counts of criminal sexual assault and sentenced him to a prison term of 44 to 180 months.

The Michigan Court of Appeals reversed. Relying on *People* v. *Williams*, 95 Mich. App. 1, 289 N. W. 2d 863 (1980), rev'd on other grounds, 416 Mich. 25, 330 N. W. 2d 823 (1982), the Court of Appeals held that the State's notice-and-hearing requirement is unconstitutional in all cases where it is used to preclude evidence of past sexual conduct between a rape victim and a criminal defendant. 160 Mich. App. 692, 694–695, 408 N. W. 2d 431, 432 (1987). The court quoted language from *Williams* stating that the requirement "'serve[s] no useful purpose'" in such cases and therefore is insufficient to justify interference with a criminal defendant's Sixth Amendment rights. 160 Mich. App., at 695, 408 N. W. 2d, at 432, quoting *Williams, supra*, at 10, 289 N. W. 2d, at 867. *Williams* surmised that the purpose of the notice-and-hearing requirement is "'to allow the prosecution to investigate the validity of a defendant's claim so as to better prepare to combat it at trial.'" 160 Mich. App., at 694, 408 N. W. 2d, at 432, quoting *Williams, supra*, at 10, 289 N. W. 2d, at 866. It concluded, however, that this rationale "'loses its logical underpinnings'" when applied to evidence of past sexual conduct between the victim and the defendant because "'the very nature of the evidence . . . is personal between the parties'" and therefore impossible to investigate. 160 Mich. App., at 694, 408 N. W. 2d, at 432, quoting *Williams, supra*, at 10, 289 N. W. 2d, at 866–867.

The Court of Appeals, relying on *Williams*, thus adopted a *per se* rule that the Michigan rape-shield statute is unconstitutional in a broad class of cases. Under this rule, a trial court would be unable to preclude past sexual conduct evidence even where a defendant's failure to comply with the notice-and-hearing requirement is a deliberate ploy to delay the trial, surprise the prosecution, or harass the victim. We granted certiorari, 498 U. S. 980 (1990), to determine whether the Michigan Court of Appeals' *per se* rule is consistent with our Sixth Amendment jurisprudence.

## II

Michigan's rape-shield statute is silent as to the consequences of a defendant's failure to comply with the notice-and-hearing requirement. The trial court assumed, without explanation, that preclusion of the evidence was an authorized remedy. Assuming, *arguendo*, that the trial court was correct, the statute unquestionably implicates the Sixth Amendment. To the extent that it operates to prevent a criminal defendant from presenting relevant evidence, the defendant's ability to confront adverse witnesses and present a defense is diminished. This does not necessarily render the statute unconstitutional. "[T]he right to present relevant testimony is not without limitation. The right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *Rock* v. *Arkansas*, 483 U. S. 44, 55 (1987), quoting *Chambers* v. *Mississippi*, 410 U. S. 284, 295 (1973). We have explained, for example, that "trial judges retain wide latitude" to limit reasonably a criminal defendant's right to cross-examine a witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware* v. *Van Arsdall*, 475 U. S. 673, 679 (1986).

Lucas does not deny that legitimate state interests support the notice-and-hearing requirement. The Michigan statute

represents a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy. The statute also protects against surprise to the prosecution. Contrary to the Michigan Court of Appeals' statement that a notice requirement "'serve[s] no useful purpose'" when the victim is alleged to have had a prior sexual relationship with the defendant, 160 Mich. App., at 695, 408 N. W. 2d, at 432, quoting *Williams, supra,* at 10, 289 N. W. 2d, at 867, the notice requirement permits a prosecutor to interview persons who know the parties and otherwise investigate whether such a prior relationship actually existed. When a prior sexual relationship is conceded, the notice-and-hearing procedure allows a court to determine in advance of trial whether evidence of the relationship "is material to a fact at issue in the case" and whether "its inflammatory or prejudicial nature . . . outweigh[s] its probative value." Mich. Comp. Laws § 750.520j(1) (1979).

We have upheld notice requirements in analogous settings. In *Williams* v. *Florida,* 399 U. S. 78 (1970), for example, this Court upheld a Florida rule that required a criminal defendant to notify the State in advance of trial of any alibi witnesses that he intended to call. The Court observed that the notice requirement "by itself in no way affected [the defendant's] crucial decision to call alibi witnesses. . . . At most, the rule only compelled [the defendant] to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that [he] planned to divulge at trial." *Id.,* at 85. Accelerating the disclosure of this evidence did not violate the Constitution, the Court explained, because a criminal trial is not "a poker game in which players enjoy an absolute right always to conceal their cards until played." *Id.,* at 82. In a subsequent decision, the Court described notice requirements as "a salutary development which, by increasing the evidence available to both parties, enhances the fairness of

the adversary system." *Wardius* v. *Oregon*, 412 U. S. 470, 474 (1973).

This does not mean, of course, that all notice requirements pass constitutional muster. Restrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence "may not be arbitrary or disproportionate to the purposes they are designed to serve." *Rock* v. *Arkansas*, *supra*, at 56. It is not inconceivable that Michigan's notice requirement, which demands a written motion and an offer of proof to be filed within 10 days after arraignment, is overly restrictive. The State concedes that its notice period is the shortest in the Nation. Brief for Petitioner 38. This case does not require us to decide, however, whether Michigan's brief notice period is "arbitrary or disproportionate" to the State's legitimate interests. The Court of Appeals found the statute to be unconstitutional only insofar as it precluded evidence of a rape victim's prior sexual relationship with a defendant. Because the court expressed no view as to the brevity of the notice period, neither do we.

The sole question presented for our review is whether the legitimate interests served by a notice requirement can ever justify precluding evidence of a prior sexual relationship between a rape victim and a criminal defendant. The answer from the Michigan Court of Appeals was no; it adopted a *per se* rule prohibiting preclusion of this kind of evidence. This ruling cannot be squared with our cases.

We have indicated that probative evidence may, in certain circumstances, be precluded when a criminal defendant fails to comply with a valid discovery rule. In *United States* v. *Nobles*, 422 U. S. 225 (1975), for example, the defendant wished to put on the witness stand an investigator to testify about statements made to him during an investigation, but the defendant refused to comply with the District Court's order to submit a copy of the investigator's report to the prosecution. The District Court therefore precluded the investigator from testifying, and this Court held that the Dis-

trict Court's "preclusion sanction was an entirely proper method of assuring compliance with its order." *Id.*, at 241. Rejecting the defendant's Sixth Amendment claim, the Court explained that "[t]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system." *Ibid.*

Even more telling is *Taylor* v. *Illinois*, 484 U. S. 400 (1988). There, the defendant violated a state procedural rule by failing to identify a particular defense witness in response to a pretrial discovery request. The trial court sanctioned this violation by refusing to allow the undisclosed witness to testify. This Court rejected the defendant's argument that, under the Compulsory Process Clause of the Sixth Amendment, "preclusion is *never* a permissible sanction for a discovery violation." *Id.*, at 414 (emphasis in original).

We did not hold in *Taylor* that preclusion is permissible every time a discovery rule is violated. Rather, we acknowledged that alternative sanctions would be "adequate and appropriate in most cases." *Id.*, at 413. We stated explicitly, however, that there could be circumstances in which preclusion was justified because a less severe penalty "would perpetuate rather than limit the prejudice to the State and the harm to the adversary process." *Ibid.* *Taylor*, we concluded, was such a case. The trial court found that Taylor's discovery violation amounted to "willful misconduct" and was designed to obtain "a tactical advantage." *Id.*, at 417. Based on these findings, we determined that, "[r]egardless of whether prejudice to the prosecution could have been avoided" by a lesser penalty, "the severest sanction [wa]s appropriate." *Ibid.*

In light of *Taylor* and *Nobles*, the Michigan Court of Appeals erred in adopting a *per se* rule that Michigan's notice-and-hearing requirement violates the Sixth Amendment in all cases where it is used to preclude evidence of past sexual conduct between a rape victim and a defendant. The Sixth Amendment is not so rigid. The notice-and-hearing require-

ment serves legitimate state interests in protecting against surprise, harassment, and undue delay. Failure to comply with this requirement may in some cases justify even the severe sanction of preclusion.

Recognizing our prior decisions, Lucas spends little time trying to defend the Court of Appeals' broad ruling. He argues primarily that preclusion was an unconstitutional penalty *in this case* because the circumstances here were not nearly as egregious as those in *Taylor*. He insists that the prosecution was not surprised to learn that the victim had a prior relationship with Lucas—she had admitted this in the preliminary hearing. Additionally, he contends that his failure to comply with the notice requirement was negligent, not willful.

We express no opinion as to whether or not preclusion was justified in this case. The Michigan Court of Appeals, whose decision we review here, did not address whether the trial court abused its discretion on the facts before it. Rather, the Court of Appeals adopted a *per se* rule that preclusion is unconstitutional in all cases where the victim had a prior sexual relationship with the defendant. That judgment was error. We leave it to the Michigan courts to address in the first instance whether Michigan's rape-shield statute authorizes preclusion and whether, on the facts of this case, preclusion violated Lucas' rights under the Sixth Amendment.

The judgment of the Michigan Court of Appeals is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

JUSTICE BLACKMUN, concurring in the judgment.

I concur in the judgment. I write separately because I was among those who dissented in *Taylor v. Illinois*, 484 U. S. 400 (1988), where the Court's majority rejected the argument that the Sixth Amendment prohibits the preclusion of otherwise admissible evidence as a sanction for the violation of a reciprocal-discovery rule.

In a separate dissent in *Taylor, id.,* at 438, I specifically reserved judgment on the type of question presented in this case—whether preclusion might be a permissible sanction for noncompliance with a rule designed for a specific kind of evidence—based on my belief that the rule may embody legitimate state interests that differ substantially from the truth-seeking interest underlying a reciprocal-discovery rule.    In my view, if the sanction of preclusion can be implemented to further those interests without unduly distorting the truth-seeking process, the Sixth Amendment does not prohibit the sanction's use.

The notice-and-hearing requirement adopted by the State of Michigan represents, as respondent Lucas does not deny, "a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy."    *Ante,* at 150.    In addition, a notice-and-hearing requirement is specifically designed to minimize trial delay by providing the trial court an opportunity to rule on the admissibility of the proffered evidence in advance of trial.    Finally, as with a notice-of-alibi rule, the notice requirement in this Michigan statute represents a legislative attempt to identify a kind of evidence—evidence of past sexual conduct—with respect to which credibility determinations are likely to be dispositive, and to permit (or perhaps compel) the defendant and the State to gather and preserve evidence and testimony soon after the alleged offense, when memories of witnesses are fresh and vivid. It seems clear that these interests, unlike the State's interest in truthseeking, may in some cases be advanced by imposition of the sanction of preclusion, and that the sanction therefore would not constitute an arbitrary response to the failure to comply.    See *Rock* v. *Arkansas,* 483 U. S. 44, 56 (1987).

Of course, the State's interest in the full and truthful disclosure of critical facts remains of paramount concern in the criminal-trial process, and it may be that, in most cases, preclusion will be "disproportionate to the purposes [the

rule is] designed to serve." *Ibid.* Nonetheless, I agree with the Court that failure to comply with the notice-and-hearing requirement of Michigan's rape-shield statute "may in some cases justify even the severe sanction of preclusion." *Ante,* at 153.

JUSTICE STEVENS, with whom JUSTICE MARSHALL joins, dissenting.

Because the judgment entered by the Michigan Court of Appeals in this case was unquestionably correct, I would affirm. The fact that a state court's opinion could have been written more precisely than it was is not, in my view, a sufficient reason for either granting certiorari or requiring the state court to write another opinion. We sit, not as an editorial board of review, but rather as an appellate court. Our task is limited to reviewing "judgments, not opinions." *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.,* 467 U. S. 837, 842 (1984); see *Black* v. *Cutter Laboratories,* 351 U. S. 292, 297–298 (1956); see also *K mart Corp.* v. *Cartier, Inc.,* 485 U. S. 176, 185 (1988).

In this case, I am not at all sure that the Michigan Court of Appeals adopted the *"per se"* rule that this Court describes in its opinion. See *ante,* at 146, 149, 151, 152. In its *per curiam,* the state court never uses the term *"per se,"* never mentions the Federal Constitution,[1] and indeed, never cites any federal cases. Rather, the Michigan Court of Appeals simply *holds*

---

[1] The Court of Appeals does rely on *People* v. *Williams,* 95 Mich. App. 1, 289 N. W. 2d 863 (1980), rev'd on other grounds, 416 Mich. 25, 330 N. W. 2d 823 (1982), and in that case, the Court of Appeals does refer to the defendant's Sixth Amendment right to confrontation and cross-examination. 95 Mich. App., at 5, 289 N. W. 2d, at 864. The Sixth Amendment provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The right of cross-examination is derived from the Sixth Amendment's language guaranteeing the right of the accused to confront the witnesses against him. *Chambers* v. *Mississippi,* 410 U. S. 284 (1973). The Sixth Amendment has been held applicable to the States. *Pointer* v. *Texas,* 380 U. S. 400 (1965).

that the trial court's preclusion of potentially relevant evidence in reliance on an unconstitutional notice provision in a limited class of rape cases requires a new trial.[2] The notice provision at issue here requires a defendant who intends to introduce evidence of a victim's past sexual relations with him to give notice within 10 days after arraignment on the information. Mich. Comp. Laws § 750.520j (1979). As both petitioner and respondent acknowledge, "Michigan appears to be the only State which requires the notice to be filed 'within 10 days after the arraignment on the information . . . .'" Brief for Petitioner 38. Other States and the Federal Government simply require that notice be filed at various times before the start of the trial. *Ibid.;* see Brief for Respondent 29, and n. 24.

Although the Court of Appeals does not explicitly rely on the unduly strict time period ("10 days after *arraignment*") provided by the statute, it does hold that "the ten-day notice provision" is unconstitutional when used to preclude testi-

_____

[2] The court's holding is summarized in the following portion of its opinion:

"At the start of trial, defendant moved for the introduction of evidence of the prior sexual relationship between defendant and complainant. Based solely upon the failure of defendant to comply with the notice provision of subsection 2 of the rape shield statute, MCL 750.520j; MSA 28.788(10), the trial court, without holding an *in camera* hearing to determine the admissibility of the proposed evidence, denied defendant's motion. This was clear legal error.

"In *People* v. *Williams*, 95 Mich. App. 1, 9–11; 289 NW2d 863 (1980), *rev'd on other grounds*, 416 Mich. 25 (1982), this Court found the *ten-day* notice provision and any hearing requirement unconstitutional when applied to preclude evidence of specific instances of sexual conduct between a complainant and a defendant." 160 Mich. App. 692, 694, 408 N. W. 2d 431, 432 (1987) (emphasis added).

The court then quoted a lengthy excerpt from its earlier opinion in *People* v. *Williams*, concluding with this sentence:

"This *ten-day* notice provision loses its constitutional validity when applied to preclude evidence of previous relations between a complainant and a defendant." 160 Mich. App., at 695, 408 N. W. 2d, at 432 (emphasis added).

mony of a victim's past sexual relationship with the defendant. 160 Mich. App. 692, 694, 408 N. W. 2d 431, 432 (1987); *id.*, at 695, 408 N. W. 2d, at 432, quoting *People* v. *Williams*, 95 Mich. App. 1, 11, 289 N. W. 2d 863, 867 (1980), rev'd on other grounds, 416 Mich. 25, 330 N. W. 2d 823 (1982).   Because the 10-day requirement, in my view, and possibly in the majority's view, see *ante*, at 151, is overly restrictive, the use of that notice requirement to preclude evidence of a prior sexual relationship between the defendant and victim clearly provides adequate support for the Court of Appeals' holding that the statute is unconstitutional.   The Court of Appeals, however, discusses the second theory more fully than the first, and therefore, I address it as well.

As I read the Court of Appeals' *per curiam*, as well as its earlier opinion in *People* v. *Williams*, in the class of rape cases in which the victim and the defendant have had a prior sexual relationship, evidence of this relationship may be relevant when the defendant raises the defense of consent.   The Court of Appeals reasoned that in such a situation, the *in camera* hearing does not play a useful role; rather, it is likely to become a contest of the victim's word against the defendant's word, with the judge reaching his decision based upon his assessment of the credibility of each, and that decision is better left to the jury.   95 Mich. App., at 9, 289 N. W. 2d, at 866.   As the Court of Appeals explained by quoting extensively from *Williams*, when surprise is not an issue[3] because both victim and defendant have had a prior relationship and do not need to gather additional witnesses to develop that information,[4] then notice " 'in this situation . . . would serve no

---

[3] In this case in particular the prosecutor did not claim surprise because most of the excluded evidence had been adduced at the preliminary hearing.

[4] The Court of Appeals was careful to distinguish this situation from the situation in *Williams* in which the four defendants sought to introduce evidence of prior sexual conduct between the victim and one of the defendants as evidence that the victim would consent to sex with all of the defendants. The Court of Appeals noted that the Michigan Supreme Court had found

useful purpose.'" 160 Mich. App., at 695, 408 N. W. 2d, at 432 (quoting *Williams*, 95 Mich. App., at 10, 289 N. W. 2d, at 867).

The rule that the Michigan Court of Appeals adopts, in which it generally assumes that preclusion is an unnecessarily harsh remedy for violating this statute's particularly strict notice requirement when the defendant and victim have had a past relationship and the defendant is raising the defense of consent, not only is reasonable, but also is consistent with our opinion in *Taylor* v. *Illinois*, 484 U. S. 400 (1988).[5] Although in *Taylor* we held that the preclusion sanction was appropriate, we did so because in *Taylor* it was "plain that the case fits into the category of willful misconduct in which the severest sanction is appropriate." *Id.*, at 417. Of course, in those cases in which there is strong reason to believe that the violation of a rule was designed to facilitate the fabrication of

---

"this premise untenable." 160 Mich. App., at 695, 408 N. W. 2d, at 432. The *Williams* court, like the Court of Appeals here, acknowledged the validity of the notice requirement as applied to "sexual conduct between a complainant and third persons." *People* v. *Williams*, 95 Mich. App., at 10, 289 N. W. 2d, at 866; see 160 Mich. App., at 695, 408 N. W. 2d, at 432.

[5] "It should be noted that in Illinois, the sanction of preclusion is reserved for only the most extreme cases. In *People* v. *Rayford*, 43 Ill. App. 3d 283, 356 N. E. 2d 1274 (1976), the Illinois Appellate Court explained:

" 'The exclusion of evidence is a drastic measure; and the rule in civil cases limits its application to flagrant violations, where the uncooperative party demonstrates a "deliberate contumacious or unwarranted disregard of the court's authority." (*Schwartz* v. *Moats*, 3 Ill. App. 3d 596, 599, 277 N. E. 2d 529, 531; *Department of Transportation* v. *Mainline Center, Inc.*, 38 Ill. App. 3d 538, 347 N. E. 2d 837.) The reasons for restricting the use of the exclusion sanction to only the most extreme situations are even more compelling in the case of criminal defendants, where due process requires that a defendant be permitted to offer testimony of witnesses in his defense. (*Washington* v. *Texas*, 388 U. S. 14 . . . . ) "Few rights are more fundamental than that of an accused to present witnesses in his own defense." (*Chambers* v. *Mississippi*, 410 U. S. 284, 302 . . . . )' 43 Ill. App. 3d, at 286–287, 356 N. E. 2d, at 1277." *Taylor* v. *Illinois*, 484 U. S., at 417, n. 23.

false testimony, an exception to the general rule can be fashioned. I find nothing in the Michigan Court of Appeals' opinion in this case that would preclude an exceptional response to an exceptional case. See *id.*, at 416–417 (preclusion may be appropriate if the violation was the product of willful misconduct, or was purposely planned to obtain a tactical advantage). Although the Michigan Court of Appeals' opinion may be less precise than it should have been, I do not believe it went so far as to adopt the *"per se"* straw man that the Court has decided to knock down today.

Because I am convinced that the Court of Appeals correctly held that this unique Michigan statute is unconstitutional, I would affirm its judgment.