958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry STORY, Petitioner/Appellant,
v.
Thomas D. RICHARDS, et al., Respondents/Appellees.
 No. 91-1560.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.*
Decided March 11, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Larry Story of rape and confinement, and a judge sentenced him to concurrent ten-year prison terms. After exhausting all available state remedies, Story filed a petition for writ of habeas corpus. 28 U.S.C. § 2254 (1988). We affirm the district court's denial of that petition.
 
 
 2
 At the jury trial the state's case consisted in the main of the testimony of Story's victim, known as E.J. She told the jury that, during a car trip the two were taking, Story pulled the car off onto a side road and demanded that she perform fellatio. When she refused, he forced repeated intercourse on her. E.J. also testified that she had known Story for many years through the close association of their families.
 
 
 3
 In Story's case he tried to put his aunt on the stand to discredit the victim's claim that their families knew each other so well. The court, however, excluded the testimony because Story had violated a pretrial discovery order by omitting his aunt's name from the witness list, and because the court found that she was being called to testify on a collateral matter. Story took the stand to testify that his victim consented to intercourse in exchange for money, and that she performed fellatio and had intercourse with him by her own free will.
 
 
 4
 Story claims that the court violated his rights to a fair trial and to compulsory process by barring his aunt from testifying in his behalf, and that he had ineffective assistance of trial counsel.
 
 
 5
 When reviewing whether a court improperly excluded a witness who the defendant claims he had a right to present, we "evaluate the exculpatory significance of ... [relevant and competent] evidence and then ... balance it against the competing state interest in the procedural rule that prevented the defendant from presenting this evidence at trial." Johnson v. Chrans, 844 F.2d 482, 484 (7th Cir.1988) (citing McMorris v. Israel, 643 F.2d 458, 460 (7th Cir.1981)). As to the evidence sought to be introduced, Johnson tells us that, "The strength of defendant's argument that state rules of evidence, rather than the defendant's right to present exculpatory evidence, should give ground depends largely on the importance of the evidence." Id. The right " 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' " Michigan v. Lucas, 111 S.Ct. 1743, 1746 (1991) (citing Chambers v. Mississippi, 410 U.S. 284, 295 (1973)). The state has an interest in enforcing its discovery rules that the Supreme Court consistently has recognized. See Lucas, 111 S.Ct. at 1746-48; Taylor v. Illinois, 484 U.S. 400 (1988); United States v. Nobles, 422 U.S. 225 (1975).
 
 
 6
 Weighing the importance of Story's aunt's testimony against the state's interest in enforcing its discovery orders we conclude that the court properly barred Story's aunt's testimony. Story made an offer of proof that his aunt's testimony would rebut the government's evidence that he and his victim were family friends. This rebuttal, Story argued, would have indicated to the jury that his victim took the car ride with him for romantic purposes. This in turn would show that E.J. consented to intercourse. The court, though, ruled that this testimony would be collateral to the issue of consent, which makes sense because a long leap of circumstantiality is required to get from sharing a car ride to consent to sexual intercourse. Besides, the court continued, the car-ride-for-romantic-purposes defense got in anyway through Story's testimony so the aunt's testimony would have been merely cumulative. The Sixth Amendment protects against the state's interference with a defendant's right "to have compulsory process for obtaining witnesses in his favor." Story's aunt's testimony would not have been exculpatory and thus not in Story's favor, so his Sixth Amendment rights remain intact.
 
 
 7
 The district court also properly denied Story's claim of ineffective assistance of counsel. The jury had to resolve a swearing contest between Story and E.J. on whether fellatio occurred during the incident. To resolve this conflict in Story's favor Story's counsel tried to subpoena for corroborating testimony the doctor who prepared medical records of E.J. showing spermatozoa in her throat. Apparently, though, Story's counsel had assumed that the state would call the doctor; when he discovered that it would not call him it was too late for counsel to subpoena the doctor without a continuance, which the court denied.
 
 
 8
 This failure did not prejudice Story, and without showing prejudice Story cannot establish a Sixth Amendment deprivation of effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984); United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1013-14 (7th Cir.1987). Story must show that counsel's failure to locate and subpoena the doctor "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.1991). Counsel's failure to get the doctor on the stand does not meet this standard. Story himself testified to the occurrence of consensual fellatio. Counsel then was able to corroborate the testimony by publishing the medical records. This enabled the jury to read what the doctor would have testified to, Story's argument that "an average person would be unable to comprehend a 'medical report' " notwithstanding. Additionally, Story used consent as his defense, but he makes no affirmative showing that the doctor's testimony would have bolstered that defense. We cannot conclude that counsel's failure to call the doctor prejudiced Story.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs