**Richard THOMPSON, Petitioner—Appellant,**

v.

**Jean HILL, Warden, Respondent—Appellee.**

**No. 01–35479.**
**D.C. No. CV–98–01001–MRH.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided June 25, 2002.

Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM *

Richard Thompson appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, in which he alleged that the state trial court's evidentiary errors violated his constitutional right to due process, confrontation, and a fair trial. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### I

Thompson challenges three evidentiary rulings made by the state trial court. Although there is the issue of procedural bar potentially foreclosing his claims, we nevertheless reach the merits of Thompson's petition.

### A

■ The trial court excluded evidence of the rape victim's prior physical abuse at the hands of her boyfriend. On direct appeal, the Oregon Court of Appeals held that while it was error to exclude the evidence, the error was harmless in light of the overwhelming amount of "damning" physical evidence that linked Thompson to the crime and Thompson's inability to rebut it. *State v. Thompson*, 131 Or.App. 230, 884 P.2d 574, 580 (Or.Ct.App.1994). Furthermore, at trial Thompson was allowed to present his theory that the victim fabricated the rape to conceal her consensual sexual encounter with Thompson from her boyfriend; he just could not present evidence that her boyfriend had been abusive in the past. We agree with the Oregon Court of Appeals and hold that the error did not have a substantial and injurious effect on the jury's verdict. *O'Neal v. McAninch*, 513 U.S. 432, 435–36, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995).

### B

■ The trial court also excluded evidence of the rape victim's prior sexual behavior with other men under Oregon's Rape Shield statute. Or. Evid. C. § 412. The Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). However, the right to present evidence, even if relevant, " 'may, in some appropriate circumstances, bow to accommodate other legitimate interests in the criminal trial process.' " *Lajoie v. Thompson*, 217 F.3d 663, 668 (9th Cir.2000) (quoting *Michigan v. Lucas*, 500 U.S. 145, 149, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991)). The policies embedded in Oregon's Rape Shield statute represent such a legitimate interest. *E.g.*, *Lucas*, 500 U.S. at 150, 111 S.Ct. 1743; *Wood v. Alaska*, 957 F.2d 1544, 1552–53 (9th Cir.1992). We hold that the exclusion of this evidence, which the Oregon Court of Appeals upheld on direct review, *Thompson*, 884 P.2d at 577–78, was not contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d).

### C

■ Finally, the trial court admitted evidence relating to Thompson's prior juvenile adjudication for murder. The victim testified that he had threatened her, using his past crime (rape and murder of an elderly woman) as an example of what could happen to her if she did not cooperate. Relying on *Dawson v. Delaware*, 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992), Thompson argues that this evidence was unfairly prejudicial to him. " '[U]nfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Here, the jury could have permissibly understood this evidence to be probative of the prosecution's allegation that the victim did not consent to a sexual encounter with Thompson. *Cf. Houston v. Roe*, 177 F.3d 901, 910 n. 6 (9th Cir.1999). Therefore, because the jury permissibly learned about Thompson's past crime from the victim's testimony, we cannot say that any error from the admission of testimony by

Thompson, his father, or the victim's boyfriend, regarding this past crime had a substantial and injurious effect on the jury's verdict, as required for habeas relief.

## II

■ Thompson also challenges Oregon's dangerous offender statute, Or.Rev.Stat. § 161.725, as violating the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Before we can reach the merits of Thompson's argument, he must first establish that *Apprendi* applies retroactively to cases on initial collateral review. *Teague v. Lane*, 489 U.S. 288, 310–11, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Our recent decision in *United States v. Sanchez–Cervantes*, 282 F.3d 664 (9th Cir.2002), in which we held that *Apprendi*'s new rule of criminal procedure does not fit within *Teague*'s two exceptions to apply retroactively, forecloses Thompson's argument. Our holding in *Sanchez–Cervantes* was broad:

> Although the facts and circumstances for applying *Apprendi* differ between the cases, we should not apply *Teague* on a piecemeal basis. A new rule should be retroactive as to all cases or as to none to avoid inconsistencies and unnecessary litigation. The decision that *Apprendi* is not a watershed rule should not vary with each unique fact scenario but should hold constant because we are assessing whether the new rule is fundamental, not whether its application is fundamental in varying situations.

282 F.3d at 671. Thus, it is immaterial that the petitioner in *Sanchez–Cervantes*

was not raising an *Apprendi* challenge to Oregon's dangerous offender statute.

AFFIRMED.