**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODNEY BOYD,

      Petitioner-Appellant,

v.

RAYMOND ROBERTS, Warden, El
Dorado Correctional Facility; PHILL
KLINE, Kansas Attorney General,

      Respondents-Appellees.

No. 04-3407
(D.C. No. 03-CV-3476-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**  *

Before **HENRY** , **ANDERSON** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Rodney Boyd appeals from the district court's denial of his petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254. He attacks his state convictions for rape and aggravated burglary arguing that the trial court violated his constitutional rights to due process and a fair trial by excluding defense-witness testimony of his prior sexual relationship with the victim under Kansas's rape shield statute. Specifically, Boyd contends that the trial court's ruling resulted in violations of his Sixth Amendment rights to confrontation, compulsory process, and effective assistance of counsel and his Fourteenth Amendment right to due process. We granted a certificate of appealability limited to Boyd's ineffective assistance of counsel and due process claims.

*Background*

In 1997, the State of Kansas convicted Boyd of rape and aggravated burglary. Before trial, Boyd's counsel moved to admit witness testimony concerning an alleged prior sexual relationship between Boyd and the victim. Boyd's counsel erred, however, by failing comply with the procedural requirements of Kansas's rape shield statute, which required the submission of affidavits from the witnesses. [1] The trial court noted the procedural error but

---

[1]     Kansas's rape shield statute provides that a defendant seeking to introduce evidence of a rape victim's previous sexual conduct must make a motion at least seven days before trial, which "shall be accompanied by an affidavit in which an offer of proof of the previous sexual conduct of the complaining witness is

(continued...)

ultimately determined on the merits that the proffered evidence was speculative, irrelevant, and not admissible under Kansas's rape shield law. Therefore, Boyd was barred from introducing witness testimony of his prior sexual relationship with the victim.

After appealing his conviction unsuccessfully, Boyd filed a state habeas corpus petition pursuant to K.S.A. § 60-1507, which was denied by the trial court. On appeal, the Kansas Court of Appeals remanded the matter back to the trial court for an evidentiary hearing to determine the nature of the excluded evidence. The Court of Appeals concluded that a hearing was necessary in order to determine whether, as a matter of law, the evidence would have been admissible if Boyd's trial counsel had complied with the procedural requirements of the rape shield statute.

At the evidentiary hearing, Boyd testified that at the time of trial, he was prepared to submit an affidavit describing the nature of his sexual relationship with the victim. One of his two witnesses, Stephan Manuel, also gave testimony regarding Boyd's relationship with victim. Manuel testified that at the time of Boyd's trial he was prepared to give an affidavit stating that he had occasionally dropped Boyd off at the victim's apartment building at night and picked him up

---

[1](...continued)
stated." K.S.A. § 21-3525(b).

the next morning. Boyd's other witness, Clara Williams, did not testify. However, Boyd's trial counsel testified that Williams did not have first-hand knowledge of the nature of Boyd's relationship with the victim and could only testify that she had once seen the victim doing Boyd's hair. When asked why she never submitted affidavits from these witnesses, Boyd's counsel testified that she had decided not to do so because of the nature of the testimony and the court's pre-trial ruling that the evidence was inadmissible.

After the evidentiary hearing, the trial court again held that the evidence was inadmissible under Kansas's rape shield law. On appeal, the Kansas Court of Appeals agreed. The Court of Appeals held that the evidence might have been admissible had Boyd established a distinctive sexual pattern with the victim that so closely resembled his version of the alleged encounter so as to tend to prove consent, but that he failed to make such a showing. Holding that the evidence was speculative and irrelevant, the court stated:

> Furthermore, Manuel's and Williams' versions were simply not relevant. The fact that Boyd was dropped off at an apartment building, especially since Boyd's girlfriend lived on the floor above [the victim's], was not demonstrative of a prior sexual relationship or of [the victim's] consent to Boyd's entering her apartment. Williams' belief that [the victim] and Boyd were sexually involved because [the victim] did Boyd's hair was also too speculative.

*Boyd v. State*, No. 87,822 at 9 (Kan. Ct. App. Jun. 27, 2003) (unpublished opinion) (Aplee. Br. Attach. 3). Accordingly, the Court of Appeals upheld the

-4-

trial court's dismissal of Boyd's habeas petition and rejected Boyd's Sixth

Amendment claim of ineffective assistance of counsel. [2] The Court of Appeals

determined that any procedural errors made by Boyd's trial counsel with respect

to proffering the evidence had not affected the outcome of the trial and therefore

Boyd suffered no prejudice.

*The District Court Proceedings*

After exhausting his state remedies, Boyd filed a pro se petition for writ of

habeas corpus in the U.S. District Court pursuant to 28 U.S.C. § 2254. In his

petition, Boyd again argued that the trial court's exclusion of witness testimony

concerning his sexual relationship with the victim violated his Sixth and

Fourteenth Amendment rights. He argued that his trial was unfair because the

excluded evidence would have established his defense of consent and disproved

an element of the burglary charge and that his right to effective assistance of

counsel was violated by his counsel's failure to obtain witness affidavits

corroborating his claim of a sexual relationship with the victim.

---

[2] In his appeal from the trial court's denial of his state habeas petition, Boyd had also argued that the court's exclusion of evidence violated his Fourteenth Amendment right to due process. However, the Kansas Court of Appeals did not address this argument, holding only that Boyd's constitutional right to effective assistance of counsel had not been violated. For purposes of 28 U.S.C. § 2254(b)(1)(A), we hold that by raising the issue, Boyd exhausted all available remedies in the state court concerning his due process claim.

The district court denied the petition in its October 5, 2004, 12-page decision. After analyzing the Kansas Court of Appeals's decision under the deferential standard prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court concluded that the trial court's exclusion of the evidence at issue was not contrary to clearly established federal law. [3] *See Boyd v. Roberts*, No. 03-3476-WEB, 2004 WL 2782566, at *4 (D. Kan. Oct. 5, 2004) (unpublished decision). Citing *Michigan v. Lucas*, 500 U.S. 145, 150-52 (1991), and this court's decision in *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997), the district court held that Kansas's rape shield law passed muster because the state has a legitimate interest in the exclusion of evidence of a rape victim's sexual history. *Boyd*, 2004 WL 2782566, at *2-3. The court concluded that Kansas case law prevented the state from excluding all evidence of sexual history and at the same time provided a reasonable standard to determine the relevancy of such evidence. *Id.* at *3. In Boyd's case, the court found that due to the speculative nature of the proffered evidence, its exclusion

---

[3]

> Under AEDPA, a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Young v. Workman*, 383 F.3d 1233, 1236 (10th Cir. 2004) (quotation marks omitted); *see also* 28 U.S.C. § 2254(d).

compromised neither Boyd's defense of consent nor his defense to the burglary charge. *See id*. at *3,5. With respect to his ineffective assistance of counsel claim, the court held that any procedural errors made by Boyd's trial counsel in failing to proffer evidence were harmless given the trial court's determination on the merits that the evidence was not admissible. *Id.* at *6. Ultimately, the district court concluded that "the trial court's decision to exclude the evidence was not so fundamentally unfair as to deprive petitioner of his rights to a fair trial and due process under the 6th and 14th Amendments." *Id.* at *4.

*Analysis*

Generally, in reviewing the district court's decision, "we accept the district court's factual findings unless they are clearly erroneous, and we review the court's legal conclusions *de novo*." *Richmond*, 122 F.3d at 870. In this case, since the district court did not hold an evidentiary hearing, but based its decision solely on review of the state court record, we conducted an independent review of the district court's decision. *See Cook v. McKune*, 323 F.3d 825, 831 (10th Cir. 2003). Having reviewed the record, the briefs, and the applicable law pursuant to these standards, we conclude that Boyd has raised no reversible error in this case. For the same reasons articulated by the district court in its order of October 5, 2004, we hold that the challenged decision of the state trial court did not violate Boyd's constitutional rights.

Therefore, the district court's denial of the writ is **AFFIRMED** .

Entered for the Court

Robert H. Henry
Circuit Judge