FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRYL WAYNE FARRIS, | No. 09-15835 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-00989-LKK-EFB |
| v. | |
| STUART RYAN, Acting Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted August 30, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant Darryl Wayne Farris (Farris) challenges the district court's denial of his petition for a writ of habeas corpus. Farris contends that the exclusion of evidence of prostitution pursuant to California's Rape Shield Law violated his rights under the Confrontation Clause.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Because Farris's habeas petition was filed after 1996, his claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Howard v. Clark*, 608 F.3d 563, 567 (9th Cir. 2010). Under the AEDPA, Farris's petition can only be granted if the state court's "adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (citations and alteration omitted).

The California Court of Appeal concluded that the trial court, pursuant to California's Rape Shield Law, properly excluded a victim's prior conviction for prostitution and her "price list". This conclusion was not contrary to *Michigan v. Lucas*, 500 U.S. 145, 152-53 (1991), in which the Supreme Court held that a defendant does not have an unconditional constitutional right to introduce evidence of a prior sexual relationship with the victim, and the legitimate interests served by state rape shield statutes could justify excluding such evidence.

Consistent with *Lucas*, the trial court balanced the probative value of the evidence against its prejudicial nature. *See id.* at 153 (remanding for consideration of whether the defendant's right to confrontation was violated "on the facts"). Indeed, Farris was allowed to ask all three victims whether they were engaged in

prostitution on the nights in question.  He also identified one location as a "stroll area" for prostitutes.

**AFFIRMED.**