FILED

MAR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD HOLLEN PRUITT, | No. 09-17163 |
| Petitioner - Appellant, | D.C. No. 3:03-cv-00685-RLH-VPC |
| v. | |
| JACKIE CRAWFORD; DON HELLING; BRIAN SANDOVAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Argued and Submitted March 13, 2012
San Francisco, California

Before: WALLACE, D.W. NELSON, and BEA, Circuit Judges.

Petitioner Richard Hollen Pruitt appeals from the denial of his habeas

petition on the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the denial of Pruitt's habeas petition de novo. *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this matter. *See Lindh v. Murphy*, 521 U.S. 320, 322 (1997). We cannot grant federal habeas relief absent a showing that the Nevada Supreme Court's denial of Pruitt's claims (1) was contrary to clearly established Supreme Court case law, (2) involved an unreasonable application of that law or (3) was based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)). Pruitt has failed to establish such an error.

The Nevada Supreme Court did not contravene clearly established Supreme Court case law when it upheld the exclusion of the victim's prior sexual activity as harassing. *Cf. Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (noting trial judges retain wide latitude to limit a criminal defendant's right to cross-examine a witness based on harassment). In addition, the victim's sexual experiences with her boyfriend post-dated both the first incident of sexual abuse involving Pruitt and the victim's first report of abuse to a girl her age. The chronology of these events diminishes the relevance of the victim's prior sexual experiences to Pruitt's claims of retaliation and to Pruitt's theory that the victim gained sexual knowledge from a source other than him.

Moreover, the Nevada Supreme Court did not unreasonably apply the *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's decision not to interview three people on a 44-person list of those who knew the victim and Pruitt, where neither Pruitt nor counsel knew that these three people had relevant information before trial, was not outside "the wide range of reasonable professional assistance." *Id.* at 689.

Finally, we deny Pruitt's motion to expand the certificate of appealability. Pruitt has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and has not "'demonstrate[d] that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). We dismiss Pruitt's uncertified claim that counsel inadequately opposed the admission of prior bad acts evidence for lack of jurisdiction. *Doe*, 508 F.3d at 569.

**AFFIRMED.**