**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD GALVAN,<br><br>     Petitioner - Appellant,<br><br> v.<br><br>JAMES A. YATES, Warden,<br><br>     Respondent - Appellee. | No. 12-16231<br><br>D.C. No. 5:06-cv-04143-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted October 7, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

 Richard Galvan appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging his conviction for multiple sex offenses against

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an intoxicated minor. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), and affirm.

Habeas relief is available only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and only if the error had a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). *See also Fry v. Pliler,* 551 U.S. 112, 121–22 (2007) (holding that the *Brecht* standard is proper in post-AEDPA cases)

The issue on appeal is whether Galvan was denied a fair trial when the trial court applied California's rape shield law and excluded evidence of the victim's prior sexual conduct and possession of condoms. To the extent Galvan argues this evidence was in fact admissible under California's "with the defendant" exception in relation to the "in concert" charges, AEDPA precludes our review. We are bound by the state court's interpretation of state law and errors of state law do not warrant federal habeas relief unless they also violate federal law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Turning to Galvan's federal arguments, the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law because the evidence proffered was "only marginally relevant" and its exclusion was not "disproportionate" to the legitimate purposes it served. *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006). *See also Michigan v. Lucas*, 500 U.S. 145, 150 (1991) (noting a state's legitimate "determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy"). It was reasonable to conclude that this evidence was not relevant because it did not involve Galvan, whom the victim had not met before the party. The same analysis applies to its probative value to the "in concert" charges in light of the absence of evidence that Galvan was aware of the prior encounter. It is similarly not probative of the victim's "modus operandi" or credibility regarding consent to Galvan. The exclusion of this evidence and limitation of cross-examination did not deny Galvan's right to due process. The state court therefore did not unreasonably apply clearly established federal law.

Galvan's alternative argument that evidence of the victim's prior sexual conduct with a witness was admissible to impeach that witness is also unavailing. Even if the trial court erred by prohibiting Galvan from cross-examining the witness "to show a prototypical form of bias on the part of the witness," *Delaware*

3

*v. Van Arsdall*, 475 U.S. 673, 680 (1986), it did not have a "substantial and injurious effect or influence in determining the jury's verdict" for the reasons identified by the state court and district court. *Brecht*, 507 U.S. at 637–38.

**AFFIRMED.**