MEMORANDUM *
In California state court, a jury convicted Timothy Foy of several forcible sexual offenses and kidnapping. Foy appeals the district court’s denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court’s judgment.[1]
Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), “[this court] must defer to the state court’s resolution of federal claims unless its determination ‘resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.’ ” Delgadillo v. Woodford, 527 F.3d 919, 924-25 (9th Cir. 2008) (citing 28 U.S.C. § 2254(d)(1)). “ ‘[C]learly established Federal law7 under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.” Lockyer v. Andrade, 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). “[A] federal habeas court may overturn a state court’s application of federal law only if it is so erroneous that ‘there is no possibility fairminded jurists could disagree that the state court’s decision conflicts with [the Supreme] Court’s precedents.’ ” Nevada v. Jackson, - U.S. -, 133 S.Ct. 1990, 1992, 186 L.Ed.2d 62 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)).
I. Evidence of the victim’s conduct
The trial court cited California Evidence Code § 1103 in denying Foy’s motion to admit evidence of several specific instances where the victim (O.) engaged in acts of prostitution, including directing undercover police officers to drive her to secluded locations. The California Court of Appeal affirmed this ruling. Foy argues that the trial court’s exclusion of evidence concerning the manner in which O. engaged in prostitution violated his constitutional rights to confront witnesses and present a complete defense. The evidence at issue is particularly important to Foy’s defense to the kidnapping charge — if O. agreed to go with Foy to the park, the jury could have decided that he did not kidnap her, even if he sexually assaulted her after they ar *905 rived there. But under the circumstances of this case, we cannot conclude that the California Court of Appeal’s decision affirming the trial court’s exclusion of this evidence was contrary to, or an unreasonable application of, clearly established federal law.
A. Right to cross-examination
The Supreme Court has long recognized the right to confront and cross-examine witnesses as an essential component of due process. See Chambers v. Mississippi, 410 U.S. 284, 294-95, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). But “the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.” Id. at 295, 93 S.Ct. 1038. “[Tjrial judges retain wide latitude ... to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant.” Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).
The cases where the Supreme Court has found a violation of the right to cross-examination establish that the right primarily protects the defendant’s ability to attack a witness’s credibility. See Olden v. Kentucky, 488 U.S. 227, 231, 109 S.Ct. 480, 102 L.Ed.2d 513(1988) (reversing state court decision excluding evidence that alleged rape victim and corroborating witness lived together and were involved in romantic relationship because it was critical to showing witness’s potential bias); Van Arsdall, 475 U.S. at 679, 106 S.Ct. 1431 (where state dismissed pending charges, prohibition'of all inquiry into possible witness bias violated defendant’s right to cross-examination); Davis v. Alaska, 415 U.S. 308, 317-21, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (exclusion of evidence tending to show witness’s bias violated defendant’s right to cross-examination).
The constitutional right to cross examination as interpreted by the Supreme Court was not violated by the trial court’s refusal to admit evidence that O. previously directed undercover police officers to drive to secluded locations because this evidence would have had little additional impact on the jury’s perception of O.’s general credibility. The jury heard evidence that O. had convictions for prostitution, that O. used drugs, and, despite her testimony she was not working as a prostitute on the evening she was assaulted, that O. had the DNA of someone other than herself or Foy in her underwear. These facts generally call O.’s credibility into question, and defense counsel used this evidence to strenuously attack O.’s credibility.
B. Right to present a complete defense
Foy argues on appeal that he was denied the right to present a complete defense. “[TJhe constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.” Jackson, 133 S.Ct. at 1992 (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986)). But “state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials.” Id. (quoting Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006)). “Such rules do not abridge an accused’s right to present a defense so long as they are not ‘arbitrary’ or ‘disproportionate to the purposes they are designed to serve.’ ” United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (quoting Rock v. Arkansas, 483 U.S. 44, 56, 107 S.Ct. 2704, *906 97 L.Ed.2d 37 (1987)). A rule is “arbi-trar/’ where it “exclude[s] important defense evidence but ... [does] not serve any legitimate interests.” Holmes, 547 U.S. at 325, 126 S.Ct. 1727. “[A] federal habeas court may overturn a state court’s application of federal law only if it is so erroneous that ‘there is no possibility fair-minded jurists could disagree that the state court’s decision conflicts with [the Supreme] Court’s precedents.’ ” Jackson, 133 S.Ct. at 1992 (quoting Harrington, 131 S.Ct. at 786).
Here, the trial court’s decision unquestionably excluded relevant defense evidence, but the ruling did not prevent Foy from presenting a defense to the kidnaping allegation. The jury was instructed that the kidnaping charge required a showing that Foy moved O. without her consent. The jury heard evidence suggesting that O. had been “strolling” as a prostitute the night she was assaulted, contrary to her testimony, and O. admitted she got into Foy’s car willingly. Foy relied on this evidence to argue that the prosecution failed to meet its burden of proof. He specifically countered the kidnaping charge by arguing: “prostitution in and of itself is basically a very hazardous occupation by willingly going into cars with strangers and going off somewhere to have consensual sex for money.” The jury heard evidence critical to Foy’s defense to the kidnapping charge and he argued his defense theory to the jury.
Given the evidence that was admitted, a fairminded jurist could conclude the trial court’s ruling struck the right balance between Foy’s right to present a defense and the state’s “legitimate interest in protecting rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct.” See Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992) (citing Michigan v. Lucas, 500 U.S. 145, 149-50, 111 S.Ct. 1743,114 L.Ed.2d 205 (1991)). The evidence of O.’s interaction with undercover officers is clearly prejudicial — as Foy argued to the California Court of Appeal, the excluded evidence would have shown that O. “engaged in oral copulation ... [, and] willingly got into cars and drove to public locations in order to provide sexual services in those cars.” The fact that the jury was aware O. was a prostitute and used drugs does not negate the cumulative effect of the additional details defense counsel sought to introduce.
Applying AEDPA deference, as we are obliged to do, we conclude that it was not unreasonable for the California Court of Appeal to find no constitutional violation here. Reasonable jurists could differ concerning whether excluding evidence of the manner in which O. engaged in prostitution was “arbitrary” or “disproportionate to the purposes [California’s rape shield laws were] designed to serve.” See Scheffer, 523 U.S. at 308, 118 S.Ct. 1261.
II. Admission of propensity evidence
Foy argues that introduction of evidence he assaulted another woman after he allegedly assaulted O. runs afoul of the general principle articulated in Albemi v. McDaniel that “denial of due process is demonstrated if the action complained of ... violates those fundamental conceptions of justice which lie at the base of our civil and political institutions.” 458 F.3d 860, 866 (9th Cir.2006). AEDPA “recognizes ... that even a general standard may be applied in an unreasonable manner.” Panetti v. Quarterman, 551 U.S. 930, 953, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007). But in this case, precedent forecloses the conclusion that the state court’s decision was contrary to, or an unreasonable application of, clearly established federal law. Estelle v. McGuire, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (ex *907 pressly reserving the question “whether a state law would violate the Due Process Clause if it permitted the use of ‘prior crimes’ evidence to show propensity to commit a charged crime”); Albemi, 458 F.3d at 866, 875 (“The scant supply of Supreme Court precedent applicable to the propensity evidence issue does not ... provide sufficient ‘clearly established Federal law, as determined by the Supreme Court of the United States’ ” (McKeown, J., concurring)). The trial court’s decision did not unreasonably apply a “governing legal principle or principles set forth by the Supreme Court at the time the state court rendered] its decision,’ ” Lockyer, 538 U.S. at 71-72, 123 S.Ct. 1166 (2003), because the Supreme Court had not set forth any applicable legal principles concerning whether the introduction of propensity evidence violates due process.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are familiar with the facts, so we will not recount them here.