**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY LEON FOY, Jr.,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent - Appellee. | No. 12-15947<br><br>D.C. No. 2:10-cv-02322-KJM-TJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: THOMAS, Chief Judge, REINHARDT and CHRISTEN, Circuit Judges.

In California state court, a jury convicted Timothy Foy of several forcible

sexual offenses and kidnapping. Foy appeals the district court's denial of his

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[this court] must defer to the state court's resolution of federal claims unless its determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Delgadillo v. Woodford*, 527 F.3d 919, 924–25 (9th Cir. 2008) (citing 28 U.S.C. § 2254(d)(1)). "'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

I.      **Evidence of the victim's conduct**

---

[1]      The parties are familiar with the facts, so we will not recount them here.

The trial court cited California Evidence Code § 1103 in denying Foy's motion to admit evidence of several specific instances where the victim (O.) engaged in acts of prostitution, including directing undercover police officers to drive her to secluded locations. The California Court of Appeal affirmed this ruling. Foy argues that the trial court's exclusion of evidence concerning the manner in which O. engaged in prostitution violated his constitutional rights to confront witnesses and present a complete defense. The evidence at issue is particularly important to Foy's defense to the kidnapping charge—if O. agreed to go with Foy to the park, the jury could have decided that he did not kidnap her, even if he sexually assaulted her after they arrived there. But under the circumstances of this case, we cannot conclude that the California Court of Appeal's decision affirming the trial court's exclusion of this evidence was contrary to, or an unreasonable application of, clearly established federal law.

## A.     Right to cross-examination

The Supreme Court has long recognized the right to confront and cross-examine witnesses as an essential component of due process. *See Chambers v. Mississippi*, 410 U.S. 284, 294–95 (1973). But "the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Id.* at 295. "[T]rial judges retain

3

wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

The cases where the Supreme Court has found a violation of the right to cross-examination establish that the right primarily protects the defendant's ability to attack a witness's credibility. *See Olden v. Kentucky*, 488 U.S. 227, 231(1988) (reversing state court decision excluding evidence that alleged rape victim and corroborating witness lived together and were involved in romantic relationship because it was critical to showing witness's potential bias); *Van Arsdall*, 475 U.S. at 679 (where state dismissed pending charges, prohibition of *all* inquiry into possible witness bias violated defendant's right to cross-examination); *Davis v. Alaska*, 415 U.S. 308, 317–21 (1974) (exclusion of evidence tending to show witness's bias violated defendant's right to cross-examination).

The constitutional right to cross examination as interpreted by the Supreme Court was not violated by the trial court's refusal to admit evidence that O. previously directed undercover police officers to drive to secluded locations because this evidence would have had little additional impact on the jury's perception of O.'s general credibility. The jury heard evidence that O. had

4

convictions for prostitution, that O. used drugs, and, despite her testimony she was not working as a prostitute on the evening she was assaulted, that O. had the DNA of someone other than herself or Foy in her underwear. These facts generally call O.'s credibility into question, and defense counsel used this evidence to strenuously attack O.'s credibility.

## B. Right to present a complete defense

Foy argues on appeal that he was denied the right to present a complete defense. "[T]he constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Jackson*, 133 S. Ct. at 1992 (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). But "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Id.* (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). "Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). A rule is "arbitrary" where it "exclude[s] important defense evidence but . . . [does] not serve any legitimate interests." *Holmes*, 547 U.S. at 325. "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility

fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Jackson*, 133 S. Ct. at 1992 (quoting *Harrington*, 131 S. Ct. at 786).

Here, the trial court's decision unquestionably excluded relevant defense evidence, but the ruling did not prevent Foy from presenting a defense to the kidnaping allegation. The jury was instructed that the kidnaping charge required a showing that Foy moved O. without her consent. The jury heard evidence suggesting that O. had been "strolling" as a prostitute the night she was assaulted, contrary to her testimony, and O. admitted she got into Foy's car willingly. Foy relied on this evidence to argue that the prosecution failed to meet its burden of proof. He specifically countered the kidnaping charge by arguing: "prostitution in and of itself is basically a very hazardous occupation by willingly going into cars with strangers and going off somewhere to have consensual sex for money." The jury heard evidence critical to Foy's defense to the kidnapping charge and he argued his defense theory to the jury.

Given the evidence that was admitted, a fairminded jurist could conclude the trial court's ruling struck the right balance between Foy's right to present a defense and the state's "legitimate interest in protecting rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct." *See Wood v.*

6

*Alaska*, 957 F.2d 1544, 1549 (9th Cir. 1992) (citing *Michigan v. Lucas*, 500 U.S. 145, 149–50 (1991)). The evidence of O.'s interaction with undercover officers is clearly prejudicial—as Foy argued to the California Court of Appeal, the excluded evidence would have shown that O. "engaged in oral copulation . . . [, and] willingly got into cars and drove to public locations in order to provide sexual services in those cars." The fact that the jury was aware O. was a prostitute and used drugs does not negate the cumulative effect of the additional details defense counsel sought to introduce.

Applying AEDPA deference, as we are obliged to do, we conclude that it was not unreasonable for the California Court of Appeal to find no constitutional violation here. Reasonable jurists could differ concerning whether excluding evidence of the manner in which O. engaged in prostitution was "arbitrary" or "disproportionate to the purposes [California's rape shield laws were] designed to serve." *See Scheffer*, 523 U.S. at 308.

## II. Admission of propensity evidence

Foy argues that introduction of evidence he assaulted another woman after he allegedly assaulted O. runs afoul of the general principle articulated in *Alberni v. McDaniel* that "denial of due process is demonstrated if the action complained of . . . violates those fundamental conceptions of justice which lie at the base of our

civil and political institutions." 458 F.3d 860, 866 (9th Cir. 2006). AEDPA "recognizes . . . that even a general standard may be applied in an unreasonable manner." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). But in this case, precedent forecloses the conclusion that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) (expressly reserving the question "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime"); *Alberni* , 458 at 866, 875 ("The scant supply of Supreme Court precedent applicable to the propensity evidence issue does not . . . provide sufficient 'clearly established Federal law, as determined by the Supreme Court of the United States'" (McKeown, J., concurring)). The trial court's decision did not unreasonably apply a "governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision,'" *Lockyer*, 538 U.S. at 71–72 (2003), because the Supreme Court had not set forth any applicable legal principles concerning whether the introduction of propensity evidence violates due process.

**AFFIRMED.**

*Foy, Jr. v. Gipson,* No. 12-15947

REINHARDT, Circuit Judge, concurring in part and dissenting in part.

I dissent from the majority's conclusion in Part I.B that the exclusion of Foy's evidence regarding the kidnapping charge did not justify issuing the writ under AEDPA with respect to that charge.

The relevant question is whether excluding evidence that O. "willingly enter[ed] into stranger's cars" and "direct[ed] them to a location of her choosing," which Foy argued would provide "circumstantial evidence to establish that no 'kidnap' had occurred," violated Foy's due process right to present a complete defense to the kidnapping charge. The only reasonable answer is yes.

It is clearly established that a defendant's right to "a meaningful opportunity to present a complete defense," *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)) (internal quotation marks omitted), "is abridged by evidence rules that 'infringe upon a weighty interest of the accused' and are 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *Id.* (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)).

Under AEDPA, "[a] federal habeas court may issue the writ under the

1

'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Instead of applying *Holmes*, the California Court of Appeal in this case simply concluded that Foy's rights were not violated because, had the evidence been admitted, the jury would not have received a significantly different impression of the *witness's credibility*. This may be an accurate description of the standard for assessing Confrontation Clause violations, but it is not the *Holmes* standard that governs the right to present a complete defense. The California Court of Appeal's decision was thus "contrary to" clearly established Supreme Court precedent. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1390 (2012) (holding that a state court decision was "contrary to" federal law because the state court "identified respondent's ineffective-assistance-of-counsel claim but failed to apply *Strickland* to assess it. Rather than applying *Strickland*, the state court simply found that respondent's rejection of the plea was knowing and voluntary.").

Even assuming that the California Court of Appeal implicitly identified *Holmes* as the correct standard, its decision would be an unreasonable application of that precedent. Under *Holmes*, state exclusionary rules cannot be applied to exclude relevant evidence if doing so would be "disproportionate to the purposes [those rules] are designed to serve." *Holmes*, 547 U.S. at 324–25 (quoting *Scheffer*,

2

523 U.S. at 308). The question is thus whether the state's interest in protecting alleged "rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct" outweighed Foy's due process right to introduce evidence important to his defense to the kidnapping charge.

The majority first notes that the jury was properly instructed as to the elements of the kidnapping charge. Many things were done properly in Foy's trial, but I see no logical connection between a correct jury instruction and whether it was error to exclude the crucial evidence at issue. The majority also notes that the jury heard evidence suggesting that O. had been "strolling" as a prostitute that night, and she admitted that she got into Foy's car willingly. Of course, the state court did not exclude *all* relevant evidence favorable to Foy, but even AEDPA requires more than that. That O. was "strolling" as a prostitute and that she willingly got into Foy's car in no way shows what the excluded evidence would have shown: that she would "direct" clients where to go once she got into a client's car.[1]

---

[1]Even more off the mark is the majority's reliance on the fact that *in his closing statement* Foy's counsel argued that "prostitution in and of itself is basically a very hazardous occupation by willingly going into cars with strangers and going off somewhere to have consensual sex for money." As juries are always reminded, statements by defense counsel are *not evidence*, and in any event Foy's counsel simply restated what the *admitted* evidence showed. This in no way suggested that O. had herself *directed* Foy (or anyone else) where to go, rather than

3

I strongly doubt that the state's interest in preventing unwarranted intrusions into an alleged victim's *sexual conduct* is at all implicated here. Telling a customer where to drive hardly constitutes *sexual* conduct.[2] More important, the California Rape Shield Law invoked to exclude the evidence in this case applies only when the evidence is sought to be introduced in order to show that the alleged rape was in fact consensual sex. *See* Cal. Evid. Code § 1103(c)(1). Foy, however, sought to introduce evidence of O's *non-sexual* conduct after she voluntarily entered the car in order to rebut the *kidnapping* charge. The asserted interests underlying the Rape Shield Law are thus not present in this case at all, and they certainly cannot outweigh Foy's due process right to present a complete defense to the kidnapping charge.

In short, I have no question that it was not only "arbitrary" but "unreasonable" for the California Court of Appeal to hold that the exclusion of the evidence that O. directed her customers to the locations she selected did not deprive Foy of his due process right to present a complete defense to the

---

being the victim of a kidnapping.

[2]The majority states that "the excluded evidence would have shown that O. 'engaged in oral copulation,'" but it was of course possible for the trial court to admit testimony about O. directing clients to locations of her choosing *and at the same time exclude evidence about her engaging in oral copulation.*

kidnapping charge. The evidence from the undercover police officers that directing her customers to secluded locations was O's method of operation was the only evidence offered by Foy that she, not Foy, was responsible for the pair's going to the secluded location at which the sexual offense transpired. It was in fact the only evidence, and the only defense, Foy offered regarding the kidnapping charge. Excluding that evidence deprived him of that defense.

Foy was properly convicted of being a rapist but he was unconstitutionally convicted of being a kidnapper, under any standard that a reasonable jurist could employ, specifically including that of whether the exclusion of the only defense evidence on the kidnapping charge was an unreasonable application of clearly established Supreme Court law. I can add only that the exclusion of that evidence was "disproportionate" to any purpose the California Rape Shield Law was designed to serve, given that the jury had been informed that O. was strolling as a prostitute at the time she entered Foy's car, and had been convicted of prostitution, or, as the majority puts it, "the jury was aware that O. was a prostitute." Evidence as to her method of selecting the location of her business activities bears directly on the kidnapping charge but adds little if anything to what the jury knew about her past sexual conduct. I would reverse without the slightest hesitation or shadow of a doubt.