NOT FOR PUBLICATION



FILED

DEC 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MARC ANTHONY BRYANT, | ) | No. 12-16528 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 4:11-cv-00164-CW |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| MIKE D. MCDONALD, | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Submitted November 18, 2014[**]
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and DANIEL,[***] Senior
District Judge.

Marc Anthony Bryant appeals the district court's denial of his petition for

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

habeas corpus.  28 U.S.C. § 2254.  We affirm.

Bryant, an African-American, asserts that the district court erred when it denied habeas corpus relief on his claim that his confrontation[1] and due process[2] rights under the United States Constitution were violated when the California state courts did not permit him to submit evidence that a witness had used a vile racial epithet when interviewed by the police.  We disagree.

On this record, considering clearly established Supreme Court law,[3] we cannot say that no fairminded jurist[4] could decide that the United States Constitution was not violated by the exclusion of evidence[5] of a single-use of a racial epithet by an outraged homeowner whose son had been beaten and robbed in her home while she was away.  Although a criminal defendant does have a right to

_____

[1]See U.S. Const. amend. VI.

[2]See U.S. Const. amend. XIV, § 1.  We note that Bryant did not actually exhaust his due process claim in the state court proceedings.  However, the district court could and did consider that claim.  See 28 U.S.C. § 2254(b)(2); Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999).  So shall we.

[3]See 28 U.S.C. § 2254(d)(1); Harrington v. Richter, 562 U.S. 86, __, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011).

[4]See Harrington, 562 U.S. at __, 131 S. Ct. at 786; Crosby v. Schwartz, 678 F.3d 784, 788 (9th Cir. 2012).

[5]Exclusion was on the basis that the evidence had minimal probative value and was unduly prejudicial.  See Cal. Evid. Code § 352; see also Fed. R. Evid. 403.

2

engage in cross-examination to show that a witness is biased,[6] that is subject to trial judges' "wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about . . . prejudice."[7]  Here, the exclusion of evidence of a single use of the racial epithet was not "'arbitrary or disproportionate.'"  Michigan v. Lucas, 500 U.S. 145, 151, 111 S. Ct. 1743, 1747, 114 L. Ed. 2d 205 (1991); see also Ortiz v. Yates, 704 F.3d 1026, 1035 (9th Cir. 2012).  Bryant was not precluded from exploring any other indications of bias, racial or otherwise.  Taking the witness' testimony as a whole, the state courts could find it unlikely that her credibility or reliability would reasonably have been questioned by a juror on the basis of that one use of the epithet.  Moreover, they could reasonably determine that use of the epithet in a moment of anger was of minimal relevance to her identification of Bryant as a person who had been at her house at an earlier time.[8]  Yet the epithet is so rightly frowned upon by our society that the state courts could reasonably determine that evidence of its use would be so highly "'offensive and

---

[6]Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986).

[7]Id. at 679, 106 S. Ct. at 1435.

[8]See United States v. Wiggan, 700 F.3d 1204, 1213 (9th Cir. 2012); cf. Olden v. Kentucky, 488 U.S. 227, 230–31, 233, 109 S. Ct. 480, 482, 484, 102 L. Ed. 2d 513 (1988) (per curiam) (victim had substantial reason to be untruthful).

3

inflammatory'"[9] that it would cause undue prejudice to the state's case. Finally, on this record, any error was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714, 123 L. Ed. 2d 353 (1993). Simply put, the testimony of the witness, who was not even present at the time of the crime, was useful but not critical to the state's case. The district court did not err.

Bryant's due process claim fails for the same reasons, mutatis mutandis. See Holmes v. South Carolina, 547 U.S. 319, 326, 126 S. Ct. 1727, 1732, 164 L. Ed. 2d 503 (2006); Moses v. Payne, 555 F.3d 742, 760 (9th Cir. 2009); see also Chia v. Cambra, 360 F.3d 997, 1003–04 (9th Cir. 2004). Here again, the district court did not err.[10]

AFFIRMED.

---

[9]Swinton v. Potomac Corp., 270 F.3d 794, 817 (9th Cir. 2001).

[10]We decline to consider Bryant's claim of cumulative error for which no certificate of appealability issued. See Rhoades v. Henry, 598 F.3d 511, 515 n.6 (9th Cir. 2010). In any event, there was no error to cumulate. See Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002); cf. United States v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000).