James Lewis SAVAGE, Petitioner,

v.

UNITED STATES of America, Respondent.

Case No. LA CV 16–03684–VBF

United States District Court, C.D. California, Western Division.

Signed January 13, 2017

Brianna Fuller Mircheff, Federal Public Defenders Office, Los Angeles, CA, for Petitioner.

Bruce K. Riordan, Diana L. Pauli, Office of US Attorney, Los Angeles, CA, for Respondent.

### ORDER

#### Granting a Certificate of Appealability

VALERIE BAKER FAIRBANK, Senior United States District Judge

"Unless a circuit justice or [district] judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." 28 U.S.C. § 2253(c)(1)(A). *See, e.g., Bryant v. McDonald,* 586 Fed.Appx. 290, 291 n.10 (9th Cir. 2014) ("We decline to consider Bryant's claim of cumulative error[,] for which no certificate of appealability issued.") (citing *Rhoades v. Henry,* 598 F.3d 511, 515 n.6 (9th Cir. 2010)), *cert. denied sub nom. Bryant v. Soto,* —— U.S. ——, 135 S.Ct. 2058, 191 L.Ed.2d 963 (2015). The district court must issue or deny a COA when it enters a final order adverse to the applicant. *See* Rule 11(a) of Rules Governing Sec. 2255 Cases in U.S. District Courts.

■ The court considers each claim separately, and it may grant a COA on one claim and not others. *See Mayfield v. Woodford,* 270 F.3d 915, 922 (9th Cir. 2001); *accord Hall v. Thaler,* 504 Fed. Appx. 269, 274 (5th Cir. 2012) ("We review each claim separately to determine whether ... reasonable jurists 'would find the district court's assessment of the constitutional claims [to be] debateable or wrong.'"); *Washington v. Burton,* 2016 WL 4771241, *7 (W.D. Mich. Sept. 14, 2016) (rather than issue "blanket denials of" COAs, "the district court must 'engaged in a reasoned assessment of each claim' to determine whether a certificate is warranted.") (quoting *Murphy v. Ohio,* 263 F.3d 466, 467 (6th Cir. 2001)).

■ "A COA may issue only if 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Juarez v. Katavich,* 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (quoting *Slack v. McDaniel,* 529 U.S. 473 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), and citing 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)(1)).

The Ninth Circuit has stated in a published decision that the "substantial

showing" standard for a COA is "relatively low." *See Jennings v. Woodford,* 290 F.3d 1006, 1010 (9th Cir. 2002)).

Moreover, the *en banc* Court of Appeals has held that when a federal court denies or dismisses a habeas claim, it "must resolve doubts about the propriety of a COA in the petitioner's favor." *Jennings v. Woodford,* 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart,* 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)); *accord Elliott v. United States,* 2016 WL 409817, *1 (E.D. Tex. Feb. 3, 2016) ("Any doubt regarding whether to grant a [COA] is resolved in favor of the movant, . . . .") (citing *Miller v. Johnson,* 200 F.3d 274, 280–81 (5th Cir. 2000)), *appeal filed,* No. 16–40276 (5th Cir. Feb. 22, 2016).

■ In this Court's January 12, 2017 Order Denying the Habeas Corpus Petition for Lack of Merit, the Court determined that even after one excises the residual clause of the Career Offender Guideline as unconstitutionally vague, the instant crime of conviction (federal unarmed bank robbery) still constitutes a crime of violence for purposes of that Guideline. Similarly the Court determined that even with the residual clause gone, Savage's prior federal convictions for *armed* bank robbery constitute crimes of violence for purposes of that Guideline. Although this Court found the government's position more persuasive, Ninth Circuit precedent does not appear conclusive on whether to classify armed and unarmed bank robberies as "violent" for purposes of U.S.S.G. § 4B1.2 purposes. There are competent persuasive authorities on both sides, many of which were adduced and ably discussed by petitioner.

In particular, reasonable jurists might reach a contrary conclusion as to whether Application Note 1 to U.S.S.G. 4B1.2 (the Career Offender Guideline) is still extant after the invalidation of that Guideline's residual clause. *See, e.g., United States v. Bell,* 840 F.3d 963 (8th Cir. 2016) (Sr. J. Bright, joined by J. Kelly, with J. Gruender dissenting); *United States v. Rollins,* 836 F.3d 737, 743 (7th Cir. 2016) (en banc) (Sykes, J.); *Montoya v. United States,* 2016 WL 6810727 (D. Utah Nov. 17, 2016) (Tena Campbell, J.); *United States v. Kinman,* 2016 WL 6124456, *5 (S.D. Cal. Oct. 20, 2016) ("While *[habeas petitioner]* puts forth a *reasonable argument,* the court is not willing to assume, in the absence of any solid authority, that *Johnson* invalidated Application Note 1 or nullified its list of offenses.") (emphasis added); *Haffner v. United States,* 2016 WL 6897812 (W.D. Wash. Nov. 23, 2016) (Richard Jones, J.).

Reasonable jurists might also reach a contrary conclusion as to whether Application Note 1's listing of robbery as an example of a violent crime is inconsistent with the text of the surviving portion of the Guideline that the Note seeks to clarify and interpret. *See, e.g., United States v. Soto–Rivera,* 811 F.3d 53, 61 (1st Cir. 2016) ("We agree with [habeas petitioner] that in the absence of the [Career Offender Guideline's] residual clause, there is no textual hook in Guidelines section 4B1.2 that his possession of a firearm constituted a crime of violence. * * * [I]n light of the government's concession that *Johnson* invalidates the residual clause in Guidelines section 4B1.2(a)(2), Application Note 1 has become inconsistent with the remaining text of the guideline itself.").

Additionally, if the appellate court were to conclude that Application Note 1 is no longer in force or for some reason does not apply or does not bind the sentencing court, the Court would be left to determine whether Savage's current crime (federal unarmed bank robbery) and his prior felonies (federal unarmed and armed bank robberies) constitute violent crimes for

purposes of the Career offender Guideline *without* the instructions and guidance provided by that Note. **Reasonable jurists then could disagree on how to classify the offenses under the "Elements Clause" of the Career Offender Guideline and case law interpreting that Clause.**

Therefore, while petitioner Savage's Due Process claim lacks merit in this Court's view, it is at least "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 3385 n.4, 77 L.Ed.2d 1090 (1983).

### ORDER

The Court **GRANTS** and issues a certificate of appealability to petitioner James Lewis Savage so that he may appeal the Order and final Judgment issued by this Court on Thursday, January 12, 2017 (Civil Documents 21 and 22) to the United States Court of Appeals for the Ninth Circuit.[1]

IT IS SO ORDERED.

---

1. *See Boyd v. Coleman*, 2012 WL 912731, *6 (W.D. Pa. Mar. 1, 2012) (Mitchell, M.J.) ("If a certificate of appealability is granted, the Court of Appeals must consider the merits of the appeal."), *R&R adopted*, 2012 WL 912784 (W.D. Pa. Mar. 16, 2012) (Lancaster, C.J.), *appeal dismissed*, No. 12–1878 (3d Cir. Sept. 13, 2012).