NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0268n.06
No. 17-5643

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT EUGENE DENNIS, | ) | |
| *Petitioner-Appellant,* | ) | **FILED**<br>May 12, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| KEVIN MAZZA, Warden, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| *Respondent-Appellee.* | ) | KENTUCKY |
| | ) | |

Before: BATCHELDER, WHITE, and THAPAR, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Robert Dennis, a Kentucky prisoner, appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We **AFFIRM.**

### I.

The Kentucky grand jury indicted Robert Dennis on three counts of sodomy in the first degree and one count of sexual abuse in the first degree. *See* Ky. Rev. Stat. Ann. § 510.070, .110. The charges arose when Dennis's eleven-year-old stepdaughter, S.J.,[1] accused him of sexually abusing her on multiple occasions throughout her childhood.

Dennis intended to introduce at trial evidence of an allegation S.J. made in 2001 when she was five or six years old. S.J. had accused her biological father, her then sixteen-year-old sister, L.A., and her sister's boyfriend of inappropriately touching her vaginal area "after a dog had jumped on her lap and licked or scratched her groin." R. 13-4, PageID#: 236. Kentucky's Cabinet for Health and Family Services (CHFS) had investigated S.J.'s claims but found them

---

[1] The parties and the district court have used the designation "S.J." for the accuser and "L.A." for the accuser's sister. For consistency and ease of reference, we do likewise.

"unsubstantiated." *Id.* Dennis sought discovery of the CHFS records pertaining to the incident and moved in limine to impeach the veracity of S.J.'s prior allegation. After an evidentiary hearing, however, the trial court disallowed any evidence concerning the incident.

At trial, S.J. testified in detail about multiple incidents of Dennis's sexual abuse. She said that during one of these incidents, a neighbor had walked in while Dennis sodomized her. The neighbor, Jim Goines, testified that he had gone to offer Dennis a beer and saw S.J. sitting on Dennis's lap. Goines said that Dennis had his hand up her dress and was "rubbing her back and forth" while "moaning and groaning." R. 13-4, PageID#: 235; VR No. 1: 10/03/07: 5:00:32. And Goines said that when Dennis realized Goines's presence, Dennis turned "white as my t-shirt" and demanded that Goines leave immediately. VR No. 1: 10/03/07: 5:01:08.

Dennis denied any sexual contact with S.J. He testified that S.J.'s allegations were instigated by S.J.'s sister, L.A. Dennis said that he had argued with L.A. and that he and his wife (the mother of S.J. and L.A.) had kicked L.A. out of their home. A few days later, L.A. visited S.J. and, shortly after L.A. left, S.J. made her allegations against Dennis. S.J.'s mother testified and confirmed that L.A. visited S.J. shortly before S.J. made her allegations. Despite Dennis's defense, a jury convicted him on all counts, and the trial court imposed the jury's recommended sentence of sixty-five years of imprisonment.

On direct appeal, Dennis argued that the exclusion of evidence about S.J.'s prior false allegation violated his constitutional right to present his defense and confront the witnesses against him. *Dennis v. Kentucky (Dennis I)*, 306 S.W.3d 466, 476 (Ky. 2010). The Kentucky Supreme Court found that Dennis had failed to show that S.J.'s prior allegation was "demonstrably false" and, therefore, the trial court did not err by disallowing cross-examination concerning the prior

allegation.[2] *Id.* The court also dismissed Dennis's Confrontation Clause claim as meritless. *Id.* Nonetheless, the Kentucky Supreme Court vacated Dennis's conviction and remanded the matter so that the trial court could review certain records related to CHFS's investigation that CHFS had apparently failed to produce for the trial court's *in camera* inspection. *Id.* at 477.

On remand, the trial court ruled that these records did not contain "sufficient evidence of falsity of the victim's testimony" and reinstated Dennis's conviction. R. 13-4, PageID#: 255. Dennis again appealed, arguing that the CHFS records proved that S.J.'s allegation was demonstrably false. He pointed out that S.J.'s story was "inconsistent" and that she had made "some bizarre comments" during the interview with the CHFS investigator, including that her sister "turned into a ghost at night." R. 13-4, PageID#: 262–64. The Kentucky Supreme Court, however, affirmed the trial court's holding.[3] *Dennis v. Kentucky* (*Dennis II*), No. 2010-SC-000425, 2011 WL 4430881, at *1 (Ky. Sept. 22, 2011), *cert. denied*, 565 U.S. 1217 (2012). Dennis's subsequent collateral attack in the Kentucky courts was unsuccessful.

Dennis filed a 28 U.S.C. § 2254 habeas corpus petition and argued that habeas relief was justified due to (1) ineffective assistance of counsel and (2) a Confrontation Clause violation. The magistrate judge found no basis on which to grant the writ as to Dennis's ineffective-assistance-of-counsel claim and recommended that as to that claim no certificate of appealability (COA) should issue. The magistrate judge found that Dennis had procedurally defaulted his Confrontation Clause claim in the state courts because he did not raise it to the state trial court, but recommended

---

[2] The Kentucky Supreme Court weighed criminal defendants' constitutional right to cross-examine their accusers against victims' rights under Kentucky's rape-shield law, *Dennis I*, 306 S.W.3d at 472–76, and for the first time, adopted the demonstrably false standard used by the Kentucky Court of Appeals, *id.* at 475. *See Capshaw v. Kentucky*, 253 S.W.3d 557, 564 (Ky. Ct. App. 2007) (citing *Hall v. Kentucky*, 956 S.W.2d 224, 227 (Ky. Ct. App. 1997)).

[3] On Dennis's second appeal, the Kentucky Supreme Court did not explicitly address Dennis's constitutional claim. *See Dennis II*, 2011 WL 4430881, at *1–2.

that notwithstanding the default, that claim should be denied on the merits. Therefore, the magistrate judge recommended that the writ should be denied on the Confrontation Clause claim, but that a COA should issue on the claim. The district court adopted the magistrate judge's recommendations and Dennis timely appealed.

We denied Dennis's motion to expand the COA to add the ineffective-assistance-of-counsel claim and we therefore review only the Confrontation Clause claim.[4]

## II.

The procedural-default doctrine bars federal-court review of a defendant's petition for habeas relief if the state courts rejected his claim due to an unexcused failure to satisfy state procedural requirements. *Bickham v. Winn*, 888 F.3d 248, 250–51 (6th Cir. 2018). We therefore begin with the district court's conclusion that Dennis's claim is procedurally barred. Our review is de novo. *Id.* at 251.

A petitioner forfeits his right to present a habeas claim when a state procedural rule prevents the state court from hearing the claim and (1) the petitioner failed to comply with the rule, (2) the state enforced the rule, and (3) the rule is an "adequate and independent" state ground foreclosing review of the federal constitutional claim. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). But federal courts may review a petitioner's claim if the state court decision appears to rest primarily on, or is interwoven with, resolution of the constitutional claim, and the state court did

---

[4] On appeal, Dennis argues that the state court's exclusion of evidence violated his rights under the Fourteenth Amendment's Due Process Clause. It is true that "[w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the . . . Confrontation Clause[] of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). But Dennis's federal habeas petition claims only that the state court's evidentiary ruling violated his Sixth Amendment rights. Hence, the Sixth Amendment provides the constitutional basis for our analysis.

not clearly and expressly rely on an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, Dennis raised his Confrontation Clause claim on direct appeal and, if there was a procedural rule that prevented appellate review, the Kentucky Supreme Court declined to mention it by name or expressly enforce it:

> Dennis contends that even if he is not entitled under the Kentucky Rules of Evidence to impeach S.J. with the purportedly false 2001 accusation, he is entitled to do so under the Sixth Amendment's Confrontation Clause. This argument was not presented to the trial court and in any event in light of the foregoing discussion regarding the balancing of a defendant's Sixth Amendment rights and the legitimate state interests advanced by our evidentiary rules it is patently without merit. Dennis sought to make a general attack on S.J.'s credibility by showing that she had fabricated a dissimilar abuse accusation in the past. He was unable, however, to establish the falsity of the prior accusation by even a preponderance of the evidence. No court has held that the Constitution requires the admission of purported general credibility evidence for which there is no factual predicate. Simply put, invocation of the United States Constitution does not save Dennis from his failure to prove the falsity of S.J.'s 2001 report.

*Dennis I*, 306 S.W.3d at 476.

It might be true that Kentucky courts do not permit defendants to preserve Confrontation Clause challenges by objecting on evidentiary grounds alone. *See Barassi v. Kentucky*, 2017-SC-000158, 2018 WL 896897, at *2 (Ky. Feb. 15, 2018); *cf. Arias v. Lafler*, 511 F. App'x 440, 445 (6th Cir. 2013) (discussing Michigan's contemporaneous-objection rule). But the Kentucky Supreme Court did not clearly and expressly reject Dennis's claim on such procedural grounds; rather, it considered and rejected his constitutional challenge on the merits. The district court erred in finding his claim defaulted and we may proceed to the merits of his constitutional challenge.

**III.**

Dennis's Confrontation Clause claim is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, *codified at*

28 U.S.C. § 2254, *et seq.* Because Dennis's Confrontation Clause claim was "adjudicated on the merits" in state court, AEDPA prevents our granting habeas relief unless the state-court adjudication resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d).

Dennis first argues that the Kentucky trial court violated his constitutional right to effective cross-examination by excluding evidence of S.J.'s prior allegation against her biological father, her sister, and her sister's boyfriend. According to Dennis, the Kentucky Supreme Court both unreasonably applied United States Supreme Court precedent in upholding the trial court's exclusion of evidence and unreasonably determined the facts when it concluded that Dennis failed to show S.J.'s prior allegation was demonstrably false.

The Sixth Amendment protects a criminal defendant's right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause guarantees defendants an opportunity to cross-examine adverse witnesses about potential sources of bias, prejudice, or motives to lie. *Davis v. Alaska*, 415 U.S. 308, 315–18 (1974). Although trial courts have "wide latitude" to impose "reasonable limits" on the scope of cross-examination, *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986), "[r]estrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence 'may not be arbitrary or disproportionate to the purposes they are designed to serve,'" *Michigan v. Lucas*, 500 U.S. 145, 151 (1991) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

The state court did not unreasonably apply Supreme Court precedent in concluding that the evidentiary limitation imposed at Dennis's trial was not unreasonable. The court noted that

Kentucky's rape-shield rule generally prevents the admission of evidence of other sexual behavior of the victim. *Dennis I*, 306 S.W.3d at 471. The court went on to say the rape-shield law does not bar admittance of evidence of false allegations of sexual abuse because those allegations do not involve "other sexual behavior." *Id.* So a defendant on trial for a sex crime may attack the credibility of the complaining witness by cross-examination concerning a prior false accusation, even when that attack implicates the rape-shield law. *Id.* But to ensure that the rape-shield law is not circumvented, the defendant must show that the prior accusation is "demonstrably false." *Id.* at 471–72 (citing Ky. R. Evid. 403, 404, 412, 608(b)).

These rules are not arbitrary: they serve legitimate governmental interests by protecting victims of sex crimes "against surprise, harassment, and unnecessary invasions of privacy." *See Lucas*, 500 U.S. at 150. The rules also "enhance the fairness of trials by excluding irrelevant character evidence highly apt to distract or confuse the jury." *Dennis I*, 306 S.W.3d at 475; *see Van Arsdall*, 475 U.S. at 679 (discussing reasonable limits on cross-examination due to concerns about "harassment, prejudice, confusion of the issues, the witness['s] safety, or interrogation that is repetitive or only marginally relevant").

Dennis fails to show that Kentucky's evidentiary standard requiring a showing that the prior allegation is demonstrably false is disproportionate to the state's legitimate interests. Kentucky's rape-shield law does not bar evidence of a prior false allegation; rather, defendants accused of sex crimes may attack the alleged victim's credibility by showing "that there is a distinct and substantial probability that the prior accusation was false." *Dennis I*, 306 S.W.3d at 475. Such evidence may come in if the defendant, for example, "establishes pertinent facts wholly inconsistent with the [prior] allegation, or circumstances strongly suggesting that the victim had a motive to fabricate the prior and current allegations." *Id.* The evidence is inadmissible, however,

where the only proof of falsity is the perpetrator's "[s]elf-serving denial" or "an inconclusive investigation of the allegation," such as the investigation in Dennis's case. *Id.* The demonstrably false standard thus reasonably weighs the state's legitimate interests against the defendant's right to confront the witnesses against him.

Dennis's arguments to the contrary are not persuasive. He says that the rape-shield rule is inapplicable where the proposed evidence concerns the veracity of a prior allegation rather than the victim's sexual behavior or predisposition. But the Supreme Court has never barred state courts from considering a rape-shield rule where the defendant seeks to attack the complaining victim's character for truthfulness. Rather, the Supreme Court has instructed courts to balance the state's interest against the defendant's interest on a case-by-case basis to determine whether an evidentiary rule is arbitrary or disproportionate to the purpose it is designed to serve. *Lucas*, 500 U.S. at 151.

That is exactly what happened in this case. The state court explained that for two reasons the rape-shield rule required Dennis to make a predicate showing of falsity: (1) to safeguard against the circumvention of the rape-shield rule and (2) to enhance the fairness of criminal trials by excluding irrelevant character evidence. *Dennis I*, 306 S.W.3d at 474–75. Because Dennis failed to make the requisite showing of falsity, he failed to produce evidence "genuinely and significantly bearing" on S.J.'s credibility and the state court accordingly held in favor of the state's interests by excluding the evidence. *Id.* at 475.

In short, the Supreme Court applies a general balancing test to determine whether a state's evidentiary rule violates the Confrontation Clause. *See, e.g.*, *Lucas*, 500 U.S. at 151. And the more general the Supreme Court's rule, "the more leeway [state] courts have in reaching outcomes in case-by-case determinations. 'It is [therefore] not an unreasonable application of clearly established [f]ederal law for a state court to decline to apply a specific legal rule that has not been

8

squarely established by [the Supreme Court].'" *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal citation and editing marks omitted) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). The legal rule which Dennis urges us to apply has not been squarely established by the Supreme Court, and hence, Dennis's first argument fails.

Dennis further protests that cross-examining S.J. about the allegation was crucial to his defense. He points out that the Supreme Court has "recognized that the exposure of a witness'[s] motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis*, 415 U.S. at 316–17 (citing *Greene v. McElroy*, 360 U.S. 474, 496 (1959)); *see Olden v. Kentucky*, 488 U.S. 227, 232 (1988) (per curiam). He also cites out-of-circuit precedent for the proposition that an accuser's prior false allegation "suggests a pattern and a pattern suggests an underlying motive (although without pinpointing its precise character)." *See White v. Coplan*, 399 F.3d 18, 24 (1st Cir. 2005). Dennis asserts that because he was prohibited from exposing S.J.'s motive to lie, he was prohibited from "expos[ing] . . . the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *See Davis*, 415 U.S. at 318.

The Sixth Amendment, however, guarantees an "*opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). The Supreme Court has rarely found that states' evidentiary rules are arbitrary or fail to serve any legitimate end, *see Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (citing cases); *Holmes v. South Carolina*, 547 U.S. 319, 325–26 (2006) (same), and the Supreme Court has explicitly recognized the legitimacy of states' rape-shield rules, *Lucas*, 500 U.S. at 150. We therefore cannot say that the state court's application of governing Supreme Court precedent was unreasonable.

Dennis's final argument is a nonstarter: He argues that the state court's decision was based on an unreasonable determination of the facts because S.J.'s prior sexual assault allegations appear implausible on their face. He therefore contends that he surpassed the demonstrably false threshold by providing evidence beyond the perpetrators' denials and CHFS's inconclusive investigation of S.J.'s 2001 allegation.

Dennis does not really challenge the state court's factual findings; he concedes that S.J.'s biological father, L.A., and L.A.'s boyfriend all denied any wrongdoing and that CHFS's investigation was inconclusive. Rather, he challenges the state court's conclusion that evidence which merely fails to demonstrate the prior allegation's falsity is not "sufficiently probative" to justify breaching Kentucky's rape-shield rule. *See Dennis I*, 306 S.W.3d at 475. As we have explained, the state court did not reach this conclusion by unreasonably applying clearly established Supreme Court precedent. Dennis accordingly fails to overcome the AEDPA bar and we have no basis on which to grant the writ.

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.